(99 App. Div. 218)

## SEABURN v. ZACHMANN.

(Supreme Court, Appellate Division, First Department.   December 9, 1904.)

1. MASTER AND SERVANT—EMPLOYMENT—WAGES—BURDEN OF PROOF.

In an action to recover salary, payable weekly, plaintiff, though entitled to sue for any installment, was bound to show performance of the contract down to the time that such installment became payable.

2. SAME—BREACH.

Where plaintiff was employed at a weekly salary, and left his employment without cause, he could not recover salary for any future time, nor for the week during which his breach of contract occurred.

3. SAME—COUNTERCLAIM.

Where plaintiff was employed at a weekly salary, and left defendant's employ without cause; defendant was entitled to counterclaim damages from plaintiff's breach of the contract in an action by plaintiff for any prior installment unpaid.

4. SAME—EVIDENCE.

In a suit to recover a prior weekly installment of salary, defendant's denial of the rendition of services by plaintiff entitled him to show, by cross-examination of plaintiff or otherwise, that plaintiff violated the contract by engaging in other employment while defendant was entitled to his services, to show that the salary sued for never became due.

5. SAME—CONTRACT—CONSTRUCTION.

Where defendant employed plaintiff as a traveling salesman, at a weekly salary, for a term of six months, etc., and plaintiff agreed to sell a certain amount of goods, defendant was entitled to plaintiff's exclusive services during the period of employment.

O'Brien and Hatch, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Perry Seaburn against Michael Zachmann. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Louis J. Altkrug, for appellant.
Joseph Fischer, for respondent.

LAUGHLIN, J.   The plaintiff alleges that on the 3d day of October, 1901, he and the defendant made an agreement in writing by which the latter was to employ him as a traveling salesman for the term of six months, commencing on the 4th day of November thereafter, for the compensation of $25 per week and traveling expenses. The action was brought to recover the balance due and owing to the plaintiff under this contract down to and including the 17th day of April, 1902. The defendant denied the rendition of the services, or that any amount was due or owing under this contract, and for a first separate defense alleged that the plaintiff was hired on the express condition that he should not engage in any other business than that of selling goods for the defendant, which condition he violated by selling goods for others during said time. As a second separate defense, the defendant alleges that the plaintiff agreed to sell for the defendant, during the period specified, goods aggregating $7,000 in value, and that

¶ 3. See Master and Servant, vol. 34, Cent. Dig. §§ 96, 111.

he voluntarily left the defendant's employ on the 4th day of April, 1902, without having sold goods of the value of more than $4,093.06, and demanded judgment for the dismissal of the complaint. The contract of employment was as follows:

"New York, October 3rd, 1901.

"Agreement made this 7th day of October, between Michael Zachmann, party of the first part, and Perry Seaburn, party of the second part, as follows: Party of the first part agrees to employ party of the second part as traveling salesman, at a salary of Twenty-five dollars per week, for a term of six months, furthermore agree to pay expenses while upon the road, and party of the first part further agrees to pay party of the second part commission that it costs, less 7½ per cent to sell during the term of this agreement. Party of the first part to pay salary weekly. Party of the second part agrees and guarantees to sell Seven thousand dollars. This contract to take effect November fourth, 1901.    Michael Zachmann."

On the cross-examination of the plaintiff the court excluded evidence that he had sold goods for others during the period of his employment by the defendant, and defendant duly excepted. The defendant was asked by his counsel if anything was said at the time of making the agreement with reference to his selling goods for others during the time of his employment by the defendant, and if anything on that subject was afterwards said between them, and for the conversation between them at their last interview in April, when plaintiff claims that he was discharged, and the defendant that he left voluntarily. This was objected to and excluded, and counsel for defendant took an exception. The plaintiff had testified that he demanded his salary, and payment was refused, and he was discharged. By the terms of the agreement the weekly salary was payable weekly, and, although the plaintiff could maintain an action for any installment, it was incumbent upon him to show performance of the contract down to the time that such installment became payable. If the plaintiff left the defendant's employ without cause, it is manifest that he could not recover the weekly salary for any future time, nor for the week during which his breach of the contract occurred, and the defendant would be at liberty to counterclaim the damages arising out of the plaintiff's breach of the contract against the plaintiff for any prior installment. The defendant's denial of the rendition of the services permitted him to show, by cross-examination of the plaintiff or otherwise, that the plaintiff violated the contract by engaging in other employment during the time that defendant was entitled to his services. This was the object of some of the evidence offered and excluded. It cannot be successfully maintained on this record that the court did not intend to exclude evidence of other employment by the plaintiff during the period for which he seeks to recover the weekly salary. The evidence manifestly was not directed to the period after the plaintiff left the defendant's employ, because it might be assumed that he then engaged in other employment. The purpose of the evidence was to prevent a recovery of some or all of the weekly installments of salary. The court evidently deemed the decision in Walsh v. New York & Kentucky Co., 88 App. Div. 477, 85 N. Y. Supp. 83, controlling that the defendant could not defeat the plaintiff's recovery without counterclaiming his damages, but that case is not an authority on the proposition under consideration here. It holds, in effect, that the recovery of an install-

ment of salary which has become due and payable can only be defeated by a counterclaim; but the purpose of the evidence in the case at bar was to show that the installments of salary never became due, on account of the plaintiff's breach of the contract during the period for which he seeks to recover them. No question of estoppel by defendant, or of waiver of any such breach of the contract on the part of the plaintiff, is presented by the record. There can be no doubt that under the contract, without proof of a concurrent or collateral agreement, the defendant was entitled to the plaintiff's exclusive services. Stoney v. Farmers' Transportation Co., 17 Hun, 579; Wood on Law of Master & Servants (2d Ed.) p. 215.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event. All concur, except O'BRIEN and HATCH, JJ., who dissent.