### SPINDEL v. COOPER et al.

(Supreme Court, Appellate Term. March 21, 1905.)

1. MASTER AND SERVANT—WRONGFUL DISCHARGE—ILLNESS OF SERVANT—ACTION—COMPLAINT—SUFFICIENCY.

In an action by a servant for wrongful discharge, the complaint is not insufficient for failing to allege full performance, where illness of the plaintiff is alleged as excuse.

2. SAME—SERVANT'S ILLNESS—TERMINATION OF CONTRACT.

Where a servant is incapacitated by illness, the master is not bound to wait an unreasonable time for the servant to recover.

3. SAME—SERVANT'S RECOVERY—UNREASONABLE TIME—QUESTION FOR JURY.

What is an unreasonable time, within the rule that a master is not bound to wait an unreasonable time for the recovery of a servant incapacitated by illness, before terminating the contract, is generally a question of fact.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 57.]

4. SAME—BREACH BY SERVANT—WAIVER.

Where, in an action by a servant for wrongful discharge, the complaint alleged that, when plaintiff recovered from the illness which had incapacitated him, and offered to go to work, defendant told him to call on a certain day and resume employment, there was a sufficient pleading of a waiver of any breach arising from plaintiff's absence.

5. BREACH BY SERVANT—WAIVER—AVAILABILITY OF BREACH.
    Where a master has waived a breach of the contract consisting of the servant's absence from work, the breach is not thereafter available as a ground for discharge.
    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 36.]

Appeal from City Court of New York, Trial Term.

Action by Ike Spindel against Leon Cooper and another. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Joseph Wilkenfeld, for appellant.

J. A. Siedman, for respondents.

SCOTT, J.   It is quite true that ordinarily one who seeks damages for breach of a contract must allege full performance upon his own part.   There are cases, however, in which it is permitted to allege something short of full performance, with a sufficient excuse for nonperformance.   Such a case is presented where the plaintiff's contract is for the rendition of personal services, and the excuse for nonperformance is sickness.   Wolfe v. Howes, 20 N. Y. 197, 75 Am. Dec. 388. Undoubtedly an employer is not bound to wait an unreasonable time for his employé to recover.   McCarrigle v. McCosker, 83 App. Div. 184, 82 N. Y. Supp. 494.   But the question as to what an unreasonable time is, in general, a question of fact, and not of law.   It certainly cannot be said, as matter of law, that the illness of plaintiff, as set forth in the complaint, was unreasonably prolonged; and, even if plaintiff's incapacity to work for two weeks, owing to his illness, would have constituted a sufficient cause for the cancellation of the contract, it did not so operate as to cancel it ipso facto.   The most that could be claimed is that it offered to defendants an option to cancel it.   But they had also the option to waive the breach, if breach it was.   No particular act or form of words was necessary to indicate such a waiver.   The complaint alleges that when plaintiff had recovered his health, and returned and offered to go on with his work, the defendants "told him to call on the following Friday to resume his employment."   Accepting this statement as true, as we must do on this appeal, we are of opinion that it sufficiently pleads a waiver by defendants of any supposed breach arising from plaintiff's enforced absence from work. The breach, having been waived, could no longer be availed of as a reason for discharge.

The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.   All concur.