### KEANE v. LIEBLER et al.

(Supreme Court, Appellate Term. November 29, 1907.)

1. MASTER AND SERVANT—COMPENSATION—SEPARABLE CONTRACT—BREACH—RECOVERY.

A contract employing an actor for a specified number of weeks at a weekly salary is only separable to the extent that payments are to be made weekly, and the actor, on either quitting the employment or being discharged during a week, cannot recover the entire or proportionate part of that week's salary; his remedy being by action for breach of contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 91.]

2. SAME.

Where an actor, under employment for a specified number of weeks at a weekly salary, was accused by the manager of assaulting an actress during a performance and rendered no further service, if he committed the assault and then abandoned the contract, he could not recover from the employer as for a breach by him; but if the actor was innocent of the assault, and was wrongfully discharged and prevented from completing the contract, he was entitled to recover as damages the salary unpaid, not having obtained other employment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 50–53.]

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by James Keane against Theodore A. Liebler and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Thomas F. MacMahon, for appellants.
Mayer C. Goldman, for respondent.

LEVENTRITT, J. There must be a retrial, for the reason that the judgment rendered is not consistent with any aspect of the case. The plaintiff, an actor in one of the defendants' theatrical companies, sues to recover $140, of which $70 represents his agreed salary for the week ending Saturday April 20th, and $70 is for damages resulting for an alleged wrongful discharge. The defendants interposed a general denial and a counterclaim of $250 for damages caused by plaintiff's misconduct during the performance on the night of April 20th.

In September, 1906, the defendants employed the plaintiff to perform a role in their production of the four-act play "In the Bishop's

Carriage" for a period of 30 weeks, ending April 27, 1907, at a salary of $70 a week. He entered their service and continued without intermission to render the role assigned to him until the midst of the performance which took place in Baltimore on the night of Saturday, April 20, 1907, the performance which ended the twenty-ninth week of the employment. On that occasion, at the close of a scene in the second act between the plaintiff and the leading actress, she fell to the stage in view of the audience, and when removed to her dressing room her face was found to be bruised and swollen. In consequence a delay of 15 or 20 minutes followed, and during that time the plaintiff left the theater and did not reappear to complete his role, which was thereupon undertaken by another member of the troupe. Up to this point the facts are undisputed. The defendants make the assertion, supported by the evidence of two eyewitnesses, that the injuries to the actress were inflicted by the plaintiff, who struck her in the face. They further submit proof that the plaintiff, immediately after making the assault, disappeared, and did not present himself to render his part in the third and fourth acts. He, on the contrary, denies that he struck her, and alleges that his nonreappearance was due to the fact that the manager, accusing him of the assault, discharged him and forbade his return to the stage.

At all events, whether the plaintiff abandoned the employment or was dismissed, he did not complete the week's service, and consequently was not entitled to the salary for that week. While the entire contract between the parties was separable to the extent that payments were to be made weekly, whether the plaintiff quit or was discharged during the week, he cannot recover the entire or the proportionate part of that week's salary. As to that portion of his compensation, his remedy is in an action for damages for a breach of the contract. Seaburn v. Zachmann, 99 App. Div. 218, 220, 90 N. Y. Supp. 1005; Walsh v. N. Y. & Kentucky Co., 88 App. Div. 477, 85 N. Y. Supp. 83; Turner v. Kouwenhoven, 100 N. Y. 115, 2 N. E. 637. The judgment awarded was in favor of the plaintiff for $70, apparently upon the first item of his claim; that is, for salary for the week including the Saturday on which he did not complete his services. The salary for that week was not earned, and cannot be recovered as such. During the thirtieth—the final—week of the plaintiff's engagement, the troupe performed in Brooklyn, and the plaintiff testified that he tendered his services daily, but they were rejected. If the plaintiff committed the assault of which he is accused, and then abandoned the contract, he is chargeable with a breach of it, and cannot succeed in holding the defendants. If, on the other hand, he is innocent, was wrongfully discharged by the defendants, and prevented from completing his contract, his damage is $140, as it appears that he did not obtain other employment during the final week. Neither condition would warrant the judgment rendered for $70. It must therefore be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.