# THE

# NEW YORK SUPPLEMENT

## VOLUME 153

---

### NATELSON v. GOTTLIEB et al.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

MASTER AND SERVANT ☞73—NEGLECT OF SERVANT—WAIVER.

Defendants, who, when they gave their checks in payment of a salesman's weekly salary, believed or knew that he had absented himself from their factory and office without permission, in violation of his contract, thereby waived the salesman's performance of his contract, and could not defend an action by his assignee on that ground.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 90–102; Dec. Dig. ☞73.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Louis Natelson against Lawrence B. Gottlieb and Jacob J. Gottlieb, copartners in business under the firm name and style of the Mercantile Embroidery Works. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Myers & Goldsmith, of New York City (Gordon S. P. Kleeberg, of New York City, of counsel), for appellant.

Simon Rasch, of New York City (Jacob B. Eiseman, of Brooklyn, of counsel), for respondents.

GUY, J. In defense to this action by payee's assignee of two checks, for $50 each, the makers set up that prior to and during the month of August, 1914, the payee, Robinson, was in their employ as salesman; that by the terms of his employment the plaintiff's assignor agreed to devote all his time and attention to the duties pertaining to said employment, and not to absent himself therefrom without the leave of the defendants; that in violation of his agreement he did absent himself from, and failed to discharge, his duties during the last two weeks of August, 1914; and that at the time the checks were given the defendants were ignorant of the fact that he had violated his contract. One of the checks, dated August 26th, was for salary for the week ending

August 22d; the other, dated August 29th, was for the week ending on that date.

Defendants' evidence showed that in August, 1914, the plaintiff's assignor, in continuance of prior contracts with the defendants, beginning in August, 1909, was, under a yearly hiring terminating August 31, 1914, employed as a salesman and assistant in the management of their factory, and in designing and also in the purchasing of raw materials, for which the agreed compensation was a commission of 2 per cent. and $50 per week; that at some time not later than August 31, 1914, he and the plaintiff took over the factory of one Meyer, who was engaged in the same line of business as the defendants; that plaintiff's assignor was at Meyer's place of business three or four times during August; that on August 26th, and on other occasions before September 1st, he was at a law office with Meyer about half an hour each time, arranging for the sale or lease of Meyer's factory; and that when he called at Meyer's factory or place of business it was about noontime. August 30th fell on Sunday, and for August 31st, the last day of the term of Robinson's employment, he neither asked nor received any compensation.

It further appears that the defendants had their factory in New Jersey and an office in the borough of Manhattan; that the employé's work required him to be at the factory, and he had to go around the city of New York and get business, having more than a dozen houses that it was his duty to visit every day in the city; that during the last few weeks in August he was at the defendants' factory only once; that between August 18th and 20th, upon being questioned by one of his employers as to his absence from business, he said he was fighting a dispossess action in court, and he had to be in court from day to day because the case was dragging; that he gave his employer two orders from firms who had never in fact given such orders to him, although he had turned in one or more orders during the last two weeks of his employment.

The plaintiff was entitled to recover on the checks, unless his assignor had failed to perform the duties of his employment during the last two weeks of five years of presumptively faithful service. The employé had duties to perform at the New York office, at the defendants' factory, and throughout the city in calling on the defendants' customers, and the fact that he was absent from the factory or the office did not necessarily mean that he was derelict in the performance of his duties.

If the action were for damages for wrongful discharge, the burden would be on the defendants to prove facts in justification of dismissal. Linton v. Unexcelled Fire Works Company, 124 N. Y. 533, 27 N. E. 406. If brought to recover salary, the burden would probably be on the plaintiff to prove performance of his contract. Seaburn v. Zachmann, 99 App. Div. 218, 90 N. Y. Supp. 1005. But this case is neither an action to recover damages nor for salary. The action is on two checks given by the employers in payment of salary, and at the time they gave these checks their own testimony shows that they believed or knew that their employé had absented himself from the factory and

from their office without permission, and notwithstanding that fact they chose for each of the weeks in question to give him a check in accordance with their contract, thus waiving complete performance on the part of their employé.   See Spindel v. Cooper, 46 Misc. Rep. 569, 92 N. Y. Supp. 822.

Judgment should be reversed, and new trial ordered, with costs to the appellant to abide the event.   All concur.