GEORGE A. STEVENS, Respondent, *v.* ELIZABETH ARDEN, INC., and Others, Appellants.

First Department, February 18, 1938.

*Harry A. Bostrom* of counsel [*Gifford, Woody, Carter & Hays,* attorneys], for the appellants.

*Marks F. Paskes* of counsel [*Samuel Blumberg,* attorney], for the respondent.

GLENNON, J.   Plaintiff, in 1934, was employed by the defendants for a period of one year under an oral contract which all parties agree was " terminable at any time prior to the expiration date thereof by either party upon three months' prior notice." This arrangement was renewed from time to time, and when the matters involved herein occurred, the expiration date was December 31, 1936.

On this appeal we are concerned only with plaintiff's right to recover salary alleged to have been earned by him between May 1 and May 15, 1936.   Plaintiff's salary was payable in semi-monthly installments of $937.50.

It is plaintiff's claim that he was wrongfully discharged by defendants on May 13, 1936.   Defendants, on the other hand, present facts tending to show that plaintiff was given notice of termination of his contract on May 13, 1936, to take effect three months later, but that he was not discharged on that date. The issue of fact thus presented cannot be determined summarily upon affidavits.   (*Stevens* v. *Elizabeth Arden, Inc.,* 250 App. Div. 845.)   If plaintiff voluntarily left defendants' employ and thus breached his contract, he cannot recover his salary under the terms of the contract.   (*Seaburn* v. *Zachmann,* 99 App. Div. 218; *Goldstein* v. *White,* 43 N. Y. St. Repr. 121.)   A trial, therefore, is essential.

Accordingly, the judgment and order granting partial summary judgment should be reversed, with costs, and the motion denied.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Judgment and order unanimously reversed, with costs, and motion denied.