527 P.2d 777

**STATE of Arizona, Appellee,**

v.

**John Henry BYRD, Appellant.**

**No. 1 CA–CR 654.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 6, 1974.

Rehearing Denied Nov. 29, 1974.

Review Denied Jan. 14, 1975.

N. Warner Lee, Atty. Gen. by Shirley H. Frondorf, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Chief Judge.

The only question raised on appeal is whether the evidence of mental competency before the court was sufficient to support a finding that defendant was not only competent to stand trial but also to plead guilty.

The facts necessary for a determination of this issue are as follows: On November 27, 1972, a complaint was filed charging defendant John Henry Byrd with three counts of attempted sodomy, two counts of child molesting, one count of rape, and one count of attempted rape.

Prior to the preliminary hearing, a petition for a mental examination was filed. The court ordered a mental examination and during a 30-day commitment to Arizona State Hospital, defendant was diagnosed as an anti-social personality with sexual deviation. He was found competent to assist in his own defense and able to understand the charges against him.

While awaiting trial, the defendant was transferred to jail where he displayed bizarre behavior. A supplemental mental examination was requested and was ordered by the court. Following his return to the State Hospital, defendant was further examined and found unable to assist in his own defense or understand the nature of the proceedings against him. It was ordered that defendant remain in the State Hospital for observation until the hospital administrator reported that the defendant was competent to stand trial. On June 4, 1973 the acting director of the hospital concluded that the defendant was competent to stand trial and should be returned to the jurisdiction of the court for disposition of the charges against him. The doctor concluded:

"1. The defendant does not suffer from a mental illness or defect.

"2. He is able to understand the nature of the proceedings against him.

"3. He is able to assist in his own defense.

"4. He does not suffer from a condition which is diagnosed solely as a sociopathic or psychopathic personality disorder.

"5. His ability to reason or to control his conduct is not substantially impaired.

"6. He does not have a potential for violent or dangerous behavior.

"7. He does not have a mental illness which justifies commitment to a mental institution."

By stipulation, the issue of defendant's competency was then submitted to the trial court on the basis of the written reports of five medical experts who had examined the defendant. On June 13, 1973 the court found that the defendant was then able to assist in his own defense and to understand the nature of the charges pending against him.

Defendant's right to a preliminary hearing was waived and defendant then participated in a plea agreement with advice of counsel. As a result, an amended information was filed with defendant entering a plea of guilty to its sole charge of assault with intent to commit rape. The three counts of attempted sodomy, two counts of child molesting and one count of rape were dismissed.

At the time the plea was entered the defendant was represented by counsel. The court questioned the defendant as to his understanding of the plea bargain agreement. The court advised the defendant that he could be sentenced up to 14 years

on the count in the amended information. The court established a factual basis for the plea and advised the defendant of his rights before concluding that the change of plea was made " . . . knowingly, voluntarily and intelligently," and that " . . . the defendant understands his rights and waives them and that he understands the consequences of a guilty plea to this charge." The record discloses that the trial court complied with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969). The guilty plea was accepted by the court, defendant subsequently being sentenced to 8–14 years in the state prison. Defendant now appeals from that judgment and sentence.

Defendant argues that the record does not disclose a sufficient compliance with due process in the determination of his competency to enter a plea of guilty. In support of this argument, the defendant relies on the case of Sieling v. Eyman, 478 F.2d 211 (9th Cir. 1973).

The *Sieling* court held that under former Rule 250, Rules of Criminal Procedure, 17 A.R.S., a hearing to determine the competency of the defendant to stand trial is inadequate to also determine whether the defendant is competent to plead guilty "because it does not measure the defendant's capacity by a high enough standard."

*Sieling* went on to state:

"We think *Westbrook* [Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966)] makes it plain that, where a defendant's competency has been put in issue, the trial court must look further than to the usual 'objective' criteria in determining the adequacy of a constitutional waiver.

\*     \*     \*     \*     \*     \*

"While the Court did not suggest a standard, it is reasonable to conclude from the Court's language that the degree of competency required to waive a constitutional right is that degree which enables him to make decisions of very serious import. Judge Hufstedler, in

Schoeller v. Dunbar, 423 F.2d 1183, 1194 (9th Cir. 1970) has suggested the following standard: 'A defendant is not competent to plead guilty if a mental illness has substantially impaired his ability to make a *reasoned choice* among the alternatives presented to him and to understand the nature of the consequences of his plea.' We think this formulation is the appropriate one, for it requires a court to assess a defendant's competency with specific reference to the gravity of the decisions with which the defendant is faced." Sieling v. Eyman, *supra*, 478 F. 2d at 214–215 (emphasis added; footnote omitted.)

This ruling was allegedly based on the U. S. Supreme Court's holding in Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429, *supra*. However, all that *Westbrook* held was that a determination that a defendant is competent to stand trial, that is, to understand the nature of the proceedings against him and to *assist* counsel, may not be sufficient to allow the trial court to also determine that the defendant is competent "to waive his constitutional right to the assistance of counsel and proceed, as he did to conduct his own defense." Westbrook v. Arizona, *supra*, 384 U.S. at 150, 86 S.Ct. at 1320. As the Arizona Supreme Court so aptly pointed out in discussing *Westbrook*:

"A defendant who waives the assistance of counsel in a criminal trial is by that very act doing something that calls into question his rationality . . . ." State v. Decello, 111 Ariz. 46, 523 P.2d 74, 76 (1974).

This holding in *Westbrook*, however, is a far cry from saying, as *Sieling* did, that with the assistance of counsel a defendant who is competent to stand trial can be constitutionally convicted after a trial, but that same defendant, with the same assistance of counsel, cannot be constitutionally convicted after a plea of guilty.

The problem with the rationale of *Sieling* is a flat presumption that mental competency to *assist counsel*, that is, that the

defendant has the mental capabilities of rationally understanding what counsel is doing in his behalf and assisting counsel in his defense, is not sufficient mental competency to waive a jury, waive the right of confrontation and waive the right against self-incrimination. We are not aware of any psychological test which would differentiate between the two, nor is our lay experience able to draw such a fine distinction. Also, the "reasoned choice" test suggested by *Sieling* leads us nowhere, for we assume that the defendant would be called upon to make "reasoned choices" if he is to assist his counsel in any meaningful way at trial.

Moreover, we can immediately visualize the mental gymnastics we are forcing trial judges to perform where a determination of competency to assist counsel is made, and prior to trial that counsel with the consent of the defendant wishes to waive a jury, one of the waivers involved in a plea of guilty; or at trial, defense counsel with the consent of defendant waives the foundational testimony of a police chemist in a narcotics case, a waiver of confrontation likewise involved in a guilty plea; or where the determination by defense counsel with the consent of defendant is made that defendant will take the stand during which time he incriminates himself, a waiver also involved in a guilty plea. Does the trial judge on each of these occasions hold another hearing to determine whether defendant is competent to make these choices? If so, the original hearing to determine competency to stand trial and assist counsel becomes a nullity.

Having made these observations, we are aware that the Arizona Supreme Court has adopted the rationale of *Sieling* in State v. Robinson, Ariz., 526 P.2d 396 (filed Sept. 20, 1974) by holding:

"In the instant case there was a 'substantial question' as to defendant's mental capacity and defendant's sanity was 'in issue.' For these reasons we believe that the trial court was required to determine whether defendant was competent to plead guilty in addition to the finding that he was competent to stand trial."

Because of this adoption, we must determine whether the facts of this case fall within the stated exceptions to *Sieling* as enunciated by our Supreme Court: either that the factual support to find competency to stand trial is not in conflict, State v. Ellison, Ariz., 526 P.2d 706 (filed Sept. 23, 1974), or that the psychiatric data presented by the psychiatric report and hearing held pursuant to A.R.S. § 13–1621 (Supp. 1973) are sufficient to determine the ability of defendant to waive his constitutional rights. State v. Bates, Ariz., 526 P.2d 1054 (filed Oct. 4, 1974).

As to the first exception, it is clear that in this case all the psychiatric reports agree that the defendant was competent to stand trial and there is no suggestion on the record that at the time he pled guilty he was suffering from any diminution of mental capacity or mental disorder, except a sexual behavioral deviation. As previously stated, we do not know what competency is required to assist counsel as compared to pleading guilty, however, whatever that competency test is the report previously quoted in this opinion would, in our opinion, be substantial evidence that the defendant had the required competency to plead guilty. In fact, under the situation presented here, it could be said that he would have been insane to refuse the agreement offered.

For the reasons herein stated the judgment and sentence of the trial court are affirmed.

HAIRE, P. J., and EUBANK, J., concur.