558 P.2d 717

**STATE of Arizona, Appellee,**

v.

**Roy Louis RODRIQUEZ, Appellant.**

**No. 1 CA–CR 1801.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 23, 1976.

Bruce E. Babbitt, Atty. Gen., by Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Robert A. Wertsching, Phoenix, for appellant.

WREN, Judge.

The appellant, Roy Louis Rodriquez, pled guilty to the crime of assault with a deadly weapon on May 22, 1973 and was sentenced to nine to ten years in the Arizona State Prison. On November 10, 1975, he petitioned for post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, 17 A.R.S. By minute entry order of November 25, 1975, he was granted permission to file this delayed appeal.

■ The State of Arizona, appellee, argues that the trial court was without authority to grant appellant a delayed appeal, contending that Rule 16(a), Rules of the Supreme Court, 17A A.R.S., is the applicable rule and authorizes only the Supreme Court and the Court of Appeals to grant such appeals. Although this position was once correct, and although Rule 16(a) has never been formally rescinded or repealed, its provisions have been wholly superseded by the 1973 Arizona Rules of Criminal Procedure. *State v. Mitchell*, 27 Ariz.App. 309, 554 P.2d 905 (1976). Rule 32.1(f) governs and specifically delegates to the superior court the authority to authorize delayed appeals on petitions for post-conviction relief filed under Rule 32.1. Although appellant's conviction was prior to the effective date of the new Rules, they are applicable to petitions for post-conviction relief filed after the effective date. *Noble v. State*, 109 Ariz. 537, 514 P.2d 458 (1973).

Appellant was arraigned on December 28, 1972 and a plea of not guilty was entered on his behalf by the court. Appellant then filed a motion to have his competency to stand trial determined. The motion was granted and the court appointed two psychiatrists to examine him. On April 16, 1973, a hearing was held to determine his competency to understand the proceedings and to assist counsel in his defense, pursuant to A.R.S. § 13–1621. The court found appellant competent and set the case for trial. Prior to trial, however, he withdrew his plea of not guilty and pled guilty to the offense charged.

■ Appellant argues that he was denied his right to be present at the competency hearing, and therefore the determination that he was competent to stand trial was invalid. The record reflects that the hearing consisted of the taking of testimony of four witnesses and the submission of written reports by the two examining psychiatrists.

The United States Supreme Court has held that an accused has a constitutional right to a competency hearing when substantial doubts as to his competency have been raised. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 148 (1966). A.R.S. § 13–1621 (now Rule 11, Az.R.Crim. Pro.) provided for such a hearing.

"E. Immediately after the examinations by experts contemplated by subsections C and D of this section, the court shall hold a hearing to determine, on the basis of the expert testimony, including the evaluation, report and testimony of an official of the institution to which the defendant may have been committed, plus any other evidence regarding the defendant's mental condition introduced by either party, whether the defendant is able to understand the proceedings against him and to assist in his own defense. The parties may, by stipulation, waive oral testimony at this hearing."

In *State v. Blier*, Ariz., 557 P.2d 1058 (1976), the Arizona Supreme Court held that the right of a defendant to be present at all stages of the trial proceedings, when his presence would have a substantial relationship to the full opportunity to defend against the charge, applies to competency hearings as well.

Having established that there was a right to be present, we must now determine if he waived that right. At the commencement of the hearing, the following transpired:

"THE COURT: Cause Number CR–74361, State of Arizona versus Roy Louis Rodriquez.

I don't know that we need the defendant here. Do you want to proceed?

"MR. KERRICK: The State is ready, your Honor.

"MR. GAY: Defendant is ready, your Honor.

"THE COURT: Proceed for the State."

The record, however, reveals that appellant was confined in the Maricopa County Jail at the time of the hearing, and there is no evidence that he was ever informed that the hearing was being held, or that he was afforded an opportunity to be present, or agreed that his counsel could waive his presence. *State v. Blier*, supra, also held that defense counsel may waive a defendant's right to be present "absent any indication in the record that the defendant is dissatisfied with his legal representation." See also, *State v. Contreras*, 112 Ariz. 358, 542 P.2d 17 (1975).

■ Assuming arguendo that the finding that appellant was competent to stand trial was not erroneous, we must determine whether he was also competent to plead guilty. The Ninth Circuit has held that the degree of competence required to stand trial is not as great as that required for waiver of constitutional rights and entry of a plea of guilty. *Sieling v. Eyman*, 9 Cir., 478 F.2d 211 (1973). Although expressing dissatisfaction with the *Sieling* principle in *State v. Contreras*, supra, the Arizona Supreme Court has held that before a guilty plea may be accepted from a defendant when there is a "substantial question" as to his mental capacity, the trial court is required to determine whether he is mentally competent to plead guilty, even though there has previously been a finding of trial competency. *State v. Robinson*, 111 Ariz. 153, 526 P.2d 396 (1974). The usual circumstance, the court notes, which would compel

a separate inquiry into the question of competency to plead guilty would be where there is some evidence in the record which indicates a real doubt as to the defendant's competency to make a reasoned choice among various alternatives. *State v. Thompson*, 113 Ariz. 1, 545 P.2d 925 (1976). Thus, if the defendant has been found competent to stand trial and the plea is entered in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), a *specific* determination of competence to plead guilty is not to be required in all circumstances. *State v. Young*, 112 Ariz. 361, 542 P.2d 20 (1975); *State v. Contreras*, supra. Cf. *State v. DeCello*, 111 Ariz. 46, 523 P.2d 74 (1974). In *State v. Ellison*, 111 Ariz. 167, 526 P.2d 706 (1974), our Supreme Court limited *Sieling* to situations in which the factual support to find competency to stand trial or to waive constitutional rights is inadequate or conflicting. We find that to be the situation here.

As a corollary to our discussion of this issue, we would like to note our agreement with the criticism voiced by Judge Jacobson in *State v. Byrd*, 22 Ariz.App. 375, 527 P.2d 777 (1974) (review denied), that the *Sieling v. Eyman* distinction between competency to assist counsel at trial where guilt or innocence is to be the ultimate determination, and competency to plead guilty is at best a nebulous one. Also, more recently, in *United States ex rel. McGough v. Hewitt*, 3 Cir., 528 F.2d 339 (1975), the Third Circuit had "difficulty" with the premise that the requisite rational and factual understanding necessary for competence to stand trial should be differentiated in any way from that needed to support the entry of a plea concluding: "We do not think that a mental standard, different from that for trial competence, is required for a guilty plea." *Id.* at 342.

■■ On the record before us, however, under the guidelines of *State v. Robinson*, supra, we have determined that there is a substantial question as as to defendant's mental capacity; one which obviously necessitated a specific determination by the

**692**

court as to whether he was competent to plead guilty. The medical reports at the competency hearing voiced substantial doubts about defendant's competence to stand trial, and they were completely silent on his ability to knowingly waive constitutional rights and to plead guilty. In fact, our review of the evidence reflects an insufficiency of the evidence to even sustain the finding of competence to stand trial, since such finding was based, at least in part, upon consideration by the trial judge of his personal observations of the accused at a previous trial:

> "The Court had an opportunity [at a prior trial] to observe him and notice his manner, behavior, demeanor, his ability to understand the questions, his ability to answer and, more particularly, his ability to think, not only as to the answers about the facts but to think as to the legal meaning of what was going to happen because of his answers."

Such observations cannot form the basis of a finding of competence, since there is no means whereby they may be refuted or rebutted by cross-examination. See, *Plonkey v. Superior Court*, 106 Ariz. 310, 475 P.2d 492 (1970); Udall, *Arizona Law of Evidence* § 201; *McCormick on Evidence*, 2d ed. § 329; 31 C.J.S. Evidence § 11.

As to the relief that must be afforded, we believe appellant must be granted a trial, because any attempt to retrospectively determine competency of a plea entered over three years ago, particularly in light of this record, would not be adequate.

Reversed and remanded for trial.

SCHROEDER, P. J., and EUBANK, J., concur.