562 P.2d 402

**STATE of Arizona, Appellee,**

v.

**Michael MESSIER, Appellant.**

**Nos. 1 CA–CR 2096 to 1 CA–CR 2098.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 17, 1977.

(iv) Denying a motion for a new trial under Rule 59.

Bruce E. Babbitt, Atty. Gen. by Diane M. DeBrosse, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

WREN, Judge.

We are being asked to consider whether the trial court erred when it denied a motion for an examination of appellant's mental condition prior to accepting his guilty plea. An additional issue has been raised by the State as to whether a defendant may appeal a ruling on competency after he has entered a guilty plea.

The material facts behind the presentation of these issues are as follows. While on probation for forgery (CR–78885) and burglary (CR–86762) appellant was arrested and charged with three counts of theft of a motor vehicle (CR–91425). He eventually plead guilty to the charges of theft and his probation in the other two cases was revoked. He was sentenced to a term of three to eight years in each case, with the sentences to run concurrently. The matters were consolidated on appeal.

During the course of the original trial proceedings in CR–86762 (burglary) appellant moved for an examination of his mental competency. This motion was granted and two psychiatrists were appointed to examine him. Later a third psychiatrist was also appointed. As a result of their reports, appellant was sent to the Arizona State Hospital for a 30 day observation period. Supplemental reports were thereafter submitted by two of the psychiatrists. These reports found appellant competent to stand trial or to enter a plea of guilty. The competency issue was submitted to the trial

court on the basis of the psychiatrists' written reports, and on October 29, 1975, the court found that appellant was able to understand the proceedings against him and to assist in his own defense. On November 5, 1975, he entered a plea of guilty to the charge of burglary and was placed on probation on November 26, 1975.

On January 26, 1976, less than three months after the previous finding of competency, appellant was charged with the three counts of theft. His trial counsel in this latter case filed a motion for examination of mental condition on March 17, 1976. The motion was denied on March 22, because of a lack of specificity to show reasonable cause as to why an examination should be given under Rule 11, Arizona Rules of Criminal Procedure. On April 9, 1976, another motion for examination of mental condition under Rule 11 was filed. This motion set forth grounds that appellant's counsel felt indicated why he should be given an examination.

"1. Defendant's attorney has learned that defendant has been previously adjudicated incompetent from reports conducted by psychiatrists in Tucson, Arizona. Defendant's attorney has asked defendant's probation officer, Mr. Watkins, for these documents and they shall be forwarded to the court upon their arrival.

"2. Defense counsel has been informed that defendant is currently under heavy doses of sedation and tranquilizers to stabilize his mental condition. Defendant is currently at the Maricopa County Jail facility.

"3. Defendant is currently being seen by Jim Gibbons, a social worker, with offices at 908 N. 24th Street. It is presumed that Mr. Gibbons would have some further input as to defendant's mental condition.

"4. Defendant has not been responsive to efforts by his attorney to aide him in his defense.

"5. Defendant appears combative and hostile to his counsel when discussing his current charges."

A hearing on the motion was held on April 19, 1976, wherein appellant's counsel also avowed to the court that he was informed that appellant had attempted suicide in the county jail but stated that he was uninformed as to the severity of the attempt. The trial judge denied the motion on April 20, 1976, setting forth in detail his reasons for the denial.

"Defendant's Motion for Mental Examination has been under advisement.

"The reports of Dr. Wellish (October 16 and September 12, 1975) wherein defendant was diagnosed as competent, Dr. Tuchler (July 29, 1975) wherein defendant was diagnosed as competent, Dr. Meyer (August 4, 1975) wherein defendant was diagnosed as not competent and Dr. Meyer (second report, November 3, 1975) wherein defendant was diagnosed as competent have been reviewed. All of these post-date the Pima County diagnosis of January and March, 1975. *The only substantial new material presented is a possible attempt at suicide while most recently incarcerated, a tendency referred to in each of the above listed reports.* Defendant was found competent in CR 78885 and CR 86732 [sic] on October 29, 1975. No substantial, new, or difference [sic] evidence has been presented to show defendant is not now able to understand the proceedings against him or assist in his own defense.

"ORDERED denying defendant's Motion for Examination of defendant's Mental condition dated April 9, 1976." (Emphasis added.)

It is to be noted that the judge took into consideration the reports previously filed by the psychiatrists in CR–86762, wherein the finding of competency had occurred approximately six months before. He specifically found that no substantial new or different evidence had been presented to show defendant was not able to understand the proceedings against him or assist in his own defense. It is also to be noted that the trial judge in CR–91425 was the same trial judge who accepted the plea of guilty and sentenced the appellant in CR–86762.

Preliminarily, we respond to the State's contention in its answering brief that appellant has waived his right to contest a denial of his motion for examination of competency to stand trial by entering a plea of guilty. The State cites *State v. Lerner*, 113 Ariz. 284, 551 P.2d 553 (1976), for the proposition that a plea of guilty waives all nonjurisdictional defects in the proceeding.

As noted in the *comment* to Rule 11.2, "[T]he U. S. Supreme Court has held that the failure to make a determination of competency when reasonable grounds appear is fundamental constitutional error. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)."

Furthermore, we think it is contradictory to argue that an incompetent defendant may knowingly, voluntarily and *intelligently* waive the rights given up by a plea of guilty. It seems obvious that such a fundamental precept of due process as the requirement that a defendant shall only be tried, convicted, or sentenced when he is competent, must be preserved through appellate review of the trial court's ruling on competency, irrespective of the entry of a guilty plea. *Cf., State v. Bradley*, 102 Ariz. 482, 433 P.2d 273 (1967); *Pate v. Robinson*, supra; also, *State v. Young*, 112 Ariz. 361, 542 P.2d 20 (1975); *State v. Contreras*, 112 Ariz. 358, 542 P.2d 17 (1975); *State v. Rodriquez*, 27 Ariz.App. 689, 558 P.2d 717 (1976).

■ While not directly dispositive of the question of waiver by entry of a guilty plea, since the issue was not raised, each of these latter cases involved an appeal from a guilty plea in which the trial court's ruling under a Rule 11 motion was discussed at length. We therefore conclude that Rule 11 determinations are subject to review whether or not they come to this Court following a guilty plea or a trial.

We next consider the merits of appellant's challenge to the trial court's denial of his motion to determine competency under Rule 11. Rule 11.3 states in part:

"a. Grounds for Appointment. If the court determines that reasonable grounds for an examination exist, it shall appoint at least two mental health experts, at least one of whom must be a medical doctor, to examine the defendant and to testify regarding his mental condition."

Appellant is apparently urging that the trial judge abused his discretion in determining that reasonable grounds for an examination did not exist.

■ In determining whether reasonable grounds exist the Arizona Supreme Court has repeatedly held that the trial judge is given broad discretion and unless there has been a clear abuse of discretion he will be upheld on appeal. *State v. Verdugo*, 112 Ariz. 288, 541 P.2d 388 (1975); *State v. Bradley*, supra. If the evidence in support of a motion under Rule 11 is sufficient to give rise to a doubt in the mind of the court as to whether defendant is competent, it is a mandatory duty of the court to hold a hearing. Cf., *State v. Bradley*, supra.

■ It may be appropriate for the court to hold a preliminary hearing, as was done here, to determine if a request for mental examination properly shows reasonable cause or whether the grounds upon which the request is based are frivolous, *State v. Cook*, 26 Ariz.App. 198, 547 P.2d 50 (1976); *United States v. Varner*, 467 F.2d 659 (5th Cir. 1972); *United States v. McEachern*, 465 F.2d 833 (5th Cir. 1972); *United States v. Cook*, 418 F.2d 321 (9th Cir. 1969), but a trial judge must exercise great care to insure that this hearing does not become a determination of competency itself.

At such a hearing a trial court must exercise care to avoid being thrust "into the process of itself 'obliquely pass[ing] upon . . . the accused's competency to stand trial or properly to assist in his own defense and . . . mak[ing] such an indirect consideration take the place of the examination, hearing and specific finding for which the [rule] provides." *United States v. McEachern*, supra, at 839, quoting *Krupnick v. United States*, 264 F.2d 213, 216 (8th Cir. 1959).

Applying these principles to the facts before us, we find that the hearing here was conducted, not on the issue of whether the

accused lacked the requisite competency, but as to whether there existed factual grounds supporting the contention that "reasonable grounds" for an examination existed. *United States v. McEachern*, supra. Cf. also *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 869, 43 L.Ed.2d 103 (1975).

The Rule 11 motion was denied only after the trial court had reviewed the prior psychiatric reports, and determined that the only substantial, new material presented in the motion for mental examination was the possible attempt at suicide while incarcerated in the county jail. He concluded that this did not show that the appellant was not now able to understand the proceedings against him or assist in his own defense since the appellant's tendency to attempt suicide had been discussed in the prior psychiatric reports and had not resulted in a determination, of an inability to assist in his own defense or to understand the proceedings against him.

A warning was issued in *Rose v. United States*, 513 F.2d 1251 (8th Cir. 1975) that while it might be permissible for a court entertaining a motion for mental examination and hearing to hold, in light of a recent finding of competency in another proceeding, that the second motion was frivolous, that "such a use of a prior adjudication of competency, if permissible, is subject to important conceptual limitations." Id. at 1256. It was observed that the prior adjudication of competency could not be treated as absolutely foreclosing subsequent competency inquiries because "the competency of an accused cannot be rendered an immutable historical fact, for the mental condition of an accused may change drastically in a matter of months." Id. at 1257, footnote 5.

In *United States v. Taylor*, 437 F.2d 371 (4th Cir. 1971), the defendant was initially examined by two psychiatrists on February 27, 1969, who concluded that the defendant was able to understand the proceedings against him and to assist in his defense. Trial then began as scheduled on March 3. A mistrial was declared as a result of the defendant's attack on one of the witnesses. On September 9, 1969, before a different judge, defense counsel presented a new motion for examination of competency to stand trial. The motion was denied and the case proceeded to trial. Holding that there was no need for a subsequent examination of the defendant's competency to stand trial, the court reasoned:

"The second motion recited essentially the same facts as its predecessor; only a contention that the first examination was deficient was added. Where an examination has been conducted so recently as to furnish a basis for a determination of present competence, there is ordinarily no reason to order another. *Hall v. United States*, 4 Cir., 410 F.2d 653. This is particularly true where, as here, the motion for a second examination fails to allege any facts, observed since the first examination, indicating possible incompetence, and the first motion had itself provided little or no factual basis for questioning the defendant's competence." Id. at 376.

As to defense counsel's allegations concerning possible input by the social workers and appellant's non-responsive and hostile behavior, *State v. Verdugo*, supra, held insufficient without supporting evidence statements of counsel "relating to defendant's low intelligence, moodiness, confusion, and inability to clearly relate the facts involved."

■ We think that the trial judge's familiarity with the prior psychiatric reports, his observations of the appellant both at the prior guilty plea and in the instant case, and the motion's failure to set forth any new, substantial evidence or allegations of incompetency, justified finding that there was no reasonable cause for a further mental examination.

The judge was obviously aware of the caveat expressed in *Rose v. United States*, supra, that the use of these prior adjudications of competency was subject to important conceptual limitations, but nevertheless determined that the second motion recited essentially the same facts as its predecessor and that the prior examinations had been conducted so recently as to furnish a

basis for a determination of present competency.

On the basis of this record we cannot find that there has been a manifest abuse of discretion by the trial court. Thus, his ruling will be upheld on appeal. *State v. Verdugo*, supra; *State v. Bradley*, supra.

The judgment and sentence are affirmed.

SCHROEDER, P. J., and EUBANK, J., concur.