569 P.2d 865

**STATE of Arizona, Appellee,**

v.

**Robert Edward PIERCE, Appellant.**

**No. 1 CA–CR 2297.**

Court of Appeals of Arizona,
Division 1, Department A.

Sept. 13, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Criminal Division, and Thomas G. Bakker, Asst. Attys. Gen., Phoenix, for appellee.

Stephen J. Rouff, Yuma, for appellant.

1. *Sieling v. Eyman,* 478 F.2d 211 (9th Cir. 1973), adopted in *State v. Robinson,* 111 Ariz. 153, 526 P.2d 396 (1974).

DONOFRIO, Judge.

The challenging question presented by this appeal is whether, under the law as presently declared [1] we must remand for a determination of appellant's competency to waive trial and enter a plea of guilty. There are two additional issues presented, which concern appellant's competency at the time of sentencing and the appropriateness of the sentence imposed.

In March, 1976, the appellant Robert Edward Pierce was charged with the crimes of possession of heroin [2] and being under the influence of heroin.[3] Appellant had a history of mental problems, having previously been committed to the Arizona State Hospital and an institution in California, and appellant's counsel moved pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 11, for an examination to determine appellant's competency to stand trial. Appellant was in the meantime released on his own recognizance, and the record discloses that while he was so at liberty he became involved in an altercation with an elderly man which resulted in the filing of additional criminal charges.

Pursuant to the provisions of Rule 11 and the expressed desires of respective counsel, appellant was examined by a psychiatrist and a psychologist. Their written reports reflect agreement that appellant was suffering from schizophrenia. The "psychiatric diagnosis" states: "Schizophrenia, paranoid type, chronic in fiar [sic] state of remission." The report of the psychologist concluded that appellant's "psychosis is of such a nature so as to permit him to understand the nature of the proceedings against him and to assist counsel in the preparation of his own defense." The report of the psychiatrist alluded to appellant's perception of the charges against him but reached no clear conclusion as to whether he understood the charges. The report concluded that appellant's conduct in the interview:

2. A.R.S. § 36–1002.

3. A.R.S. § 36–1062.

" * * * indicated to me that he has competency to follow his attorney's directions and cooperate in his defense. It is my opinion however that his control of himself is somewhat marginal and that it wouldn't take too much pressure from an attorney for him to lose control of himself."

The trial court's directive to the experts did not require them to evaluate appellant's competency to waive trial and plead guilty and neither report contains an opinion on this subject. Both experts, however, commented upon appellant's reasoning ability. The psychiatrist reported that appellant "was able to follow a line of thinking without getting mixed up or confused fairly well," but also commented upon instances of what the psychiatrist appeared to regard as faulty associative thinking. This report, which was based upon a March 30 interview, also noted that in past interviews appellant had displayed more "paranoid ideation."

The report of the psychologist was more explicit. Based upon an interview on April 28, 1976, it states:

"Mr. Pierce's thought associations are quite poor. His thinking process does not follow a sequential order and his ability to stay with one subject to a logical conclusion was lacking. He reported having a 'combustion in his head' which he found difficult to explain. Also, telepathic communications was difficult for him to describe in significant detail although he acknowledged their presence. He feels fearful of some people as he feels they, in some way psychologically, are capable of affecting him."

The hearing to determine mental competency was set for August 6, 1976. At the hearing, counsel stipulated to submission of the issue on the written reports. The trial court briefly interrogated appellant, asking him in essence if he felt he was competent to proceed. Appellant responded in the affirmative. The hearing concluded as follows:

"THE COURT: You realize that the case that's actually before the court at this time is one that charges you with narcotic drugs?

THE DEFENDANT: Yes, I supposingly had a spoon and a half of dope.

THE COURT: That's what the present charge is on. You feel you are perfectly competent to proceed on that matter?

THE DEFENDANT: Yes.

THE COURT: Based upon that statement then, Mr. Rouff, and the reports of the doctors as contained in the file it's now the finding of the court that the defendant is competent and capable of understanding the proceedings against him and to proceed with the matter.

Do you want to set the matter for trial or hearing?

MR. ROUFF: I believe we are going to take a plea in this case in the near future.

THE COURT: Do you want to continue the matter for trial setting in the event you can work that out? The matter may go over until next Wednesday morning, August 11th, at 9 o'clock for trial setting. If you can come to some agreement you can do that in the meantime."

Five days later appellant entered a plea of guilty to possession of heroin. Pursuant to a written plea agreement, the other pending charges against appellant were dismissed. The plea proceedings were before the same judge who made the finding that appellant was competent "to proceed." The trial judge questioned appellant in the now customary manner to ascertain the voluntariness and intelligence of the plea and a factual basis therefor.

Prior to *Sieling v. Eyman*, 478 F.2d 211 (9th Cir. 1973), a finding of competence to stand trial was deemed to include a finding of competence to plead guilty, assuming of course that the plea was intelligently offered. *State v. Hostler*, 109 Ariz. 212, 507 P.2d 974 (1973). In *Sieling*, the Ninth Circuit held that where competency has been put in the issue and where a "substantial question" has been raised as to mental capacity, a distinct determination by a higher standard was necessary to establish compe-

tence to plead guilty. The court adopted the rule that "[a] defendant is not competent to plead guilty if a mental illness has substantially impaired his ability to make a reasoned choice among the alternatives presented to him and to understand the nature of the consequences of his plea."

*Sieling* has been criticized, and we believe soundly. See, especially, *State v. Contreras*, 112 Ariz. 358, 542 P.2d 17 (1975); *State v. Byrd*, 22 Ariz.App. 375, 527 P.2d 777 (1974); and *People v. Heral*, 62 Ill.2d 329, 342 N.E.2d 34 (1976). Its dual test for competency has been rejected by other federal courts of appeals[4] and by state courts to which the issue has recently been presented.[5] We will not extend the body of this opinion by enlarging upon the criticism of *Sieling*[6] inasmuch as the Ninth Circuit has recently announced its adherence to it in an en banc decision[7] and our own Supreme Court has for the sake of constitutional consistency and finality clearly indicated its intent to conform with the holding. *State v. Wagner*, 114 Ariz. 459, 561 P.2d 1231 (1977); *State v. Robinson*, supra. Since it is clear here that there was a "substantial question" as to appellant's mental capacity, we must dispose of this case in accordance with what we take to be the dictates of *Sieling*.

Before so proceeding, we feel compelled to comment upon the position of counsel in a case such as this one. In doing so we recognize that we are dealing with a developing area of the law and one which can present counsel with dilemmas.

At the change of plea proceeding in this case, the court asked counsel if he advised the court to accept the plea. Counsel responded in the affirmative. In his reply brief on appeal, counsel states as follows:

"If someone must be blamed for the failure of vigorously urging competency to plead guilty below, then—blame it on the defense attorney who did what his client wanted him to do, and did not attempt to straddle the dilemma of urging pretrial incarceration in the Arizona State Hospital over the express objections of his client."

We commend counsel for this candid statement.

■ While much of this Court's current docket might seem to furnish an argument to the contrary, a guilty plea must be viewed as a final step rather than as a prelude to a new phase of litigation. A guilty plea is a full and final resolution and disposition of criminal charges. In accordance with this basic concept, if counsel knows of any reason or circumstance that might impugn the validity of a plea, he should call the matter to the attention of the court prior to the taking of the plea.

■ More specifically in the context of a case like the present one, unless counsel has indicated a contrary view on the record,[8] the offering by an accused client of a plea of guilty should logically constitute a repre-

---

4.  *United States ex rel. McGough v. Hewitt*, 528 F.2d 339 (3 Cir. 1975); *Malinauskas v. United States*, 505 F.2d 649 (5 Cir. 1974); *United States v. Harlan*, 480 F.2d 515 (6 Cir. 1973); *Wolf v. United States*, 430 F.2d 443 (10 Cir. 1970).

5.  *People v. Heral* (Ill.1976), supra; *Commonwealth v. Hubbard*, Mass., 355 N.E.2d 469 (1976); *State v. Lambert*, 266 S.C. 574, 225 S.E.2d 340 (1976); *People v. Matheson*, 70 Mich.App. 172, 245 N.W.2d 551 (1976).

6.  The opinion in *Sieling* does not deal with the fact that when an accused is found competent to stand trial, he must necessarily face, with the aid of counsel, decisions as to each of the constitutional rights which are waived by a plea of guilty. Also, in its reliance upon the

counsel-waiver decision of *Westbrook v. Arizona*, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966), *Sieling* does not take into account the fact that the test for competency to stand trial is formulated in terms of *the ability to assist counsel*, so that a new determination is logically essential when the accused seeks to eliminate counsel from the picture.

For law review commentary on the subject, compare 1974 *Duke Law Journal* 149 (1974) with 17 Ariz.L.Rev. 729 (1975).

7.  *DeKaplany v. Enomoto*, 540 F.2d 975 (9 Cir. 1976). See also *Makal v. State of Arizona*, 544 F.2d 1030 (9 Cir. 1976).

8.  See *State v. Messier*, 114 Ariz. 522, 562 P.2d 402 (1977).

sentation on the part of defense counsel that at least in his opinion the client is competent and capable of entering an intelligent plea. Any other conclusion would run counter to the views expressed in *State v. Rodriguez*, 112 Ariz. 193, 540 P.2d 665 (1975), as to the duties of counsel, and would be inconsistent with the orderly administration of criminal justice.

■ We return to the thread of disposition. At the close of the proceedings of August 6, immediately after announcing his conclusion that appellant was competent, the trial court asked defense counsel, "Do you want to set the matter for trial or hearing." The reference to "hearing" was obviously to a change of plea hearing, and thus it is logical to infer that the trial court's finding of competence was intended to include a finding of competence to plead guilty as well as to stand trial. Two separate hearings are not mandated, *State v. Ellison*, 111 Ariz. 167, 526 P.2d 706 (1974), and thus, if the making of the finding were of itself sufficient, our inquiry would be at an end. We do not think, however, that this is the effect of *State v. Wagner*, supra, and we believe that the determination must be supported by reasonable evidence, viewed by the criterion formulated in *Sieling*.

In our opinion, the record here does not adequately support the determination. The psychologist passed explicit adverse judgment on appellant's reasoning ability. While the report of the psychiatrist contains one statement to the contrary, its overall net effect is ambiguous. The reports of both of the experts indicated significant doubts as to appellant's grasp of reality. Inasmuch as we cannot take appellant's self-evaluation on the subject of his competence at face value, there was little if anything which occurred at the brief hearing on August 6 or the change of plea hearing on August 11 which could have muted those doubts. Since the ability to make a reasoned choice among alternatives appears to be the key test under *Sieling*, we

believe that the cause must be remanded for a hearing and determination as to whether appellant was in fact competent to waive trial and plead guilty as he did on August 11, 1976. See *State v. Robinson*, supra; *State v. Wagner*, supra, and *State v. Rodriquez*, 27 Ariz.App. 689, 558 P.2d 717 (1976). Cf. *State v. Thompson*, 113 Ariz. 1, 545 P.2d 925 (1976); *State v. Young*, 112 Ariz. 361, 542 P.2d 20 (1975); *State v. Contreras*, supra; and *State v. Duggan*, 112 Ariz. 157, 540 P.2d 123 (1975). In the later cases, at least one expert reported that the defendant had the capacity to plead guilty. We also find cases such as *Byrd* and *Ellison* distinguishable on their facts.

■ Two other questions have been put before us. We will dispose of them even though our disposition will be contingent upon the determination reached on competency. It is contended that appellant was incompetent at the time of sentencing and that he could not therefore be validly sentenced. See 17 A.R.S. Rules of Criminal Procedure, rule 11.1. The standard for competence at the time of sentencing could not be higher than the standard for competence to stand trial, and as noted above, the record supports a finding of competence to stand trial. We agree with the State that there is nothing *in the present record* to indicate the need for a second inquiry into competence after August 6 and prior to sentencing. See *State v. Contreras*, supra; and see also *State v. OHTA*, 114 Ariz. 489, 562 P.2d 369 (1977). Appellant is not, however, foreclosed from urging the point on remand.

■ Finally, appellant contends that the sentence was excessive. The minimum and maximum terms of the sentence coincide with the range of punishment established by law for possession of heroin. A.R.S. § 36–1002. There were indications that appellant was a heroin user, and he did not have an unblemished record. We do not

believe that the sentence imposed constituted a clear abuse of discretion.

The cause is remanded to the Superior Court of Yuma County. The trial court shall conduct a hearing as indicated herein and make such findings as are appropriate and file the same together with the reporter's transcript of such proceedings in this Court within 90 days of the issuance of this Court's mandate herein. Our ultimate disposition shall await receipt of the foregoing.

Remanded with directions.

NELSON, P. J., and HAIRE, J., concur.