577 P.2d 272

**STATE of Arizona, Appellee,**

v.

**Robert Edward PIERCE, Appellant.**

**No. 1 CA–CR 2297.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 23, 1978.

John A. LaSota, Jr., Acting Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division and Gerald R. Grant, Asst. Atty. Gen., Phoenix, for appellee.

Stephen J. Rouff, Yuma, for appellant.

**SUPPLEMENTAL OPINION
AFTER REMAND**

DONOFRIO, Judge.

In our opinion in this case reported at 116 Ariz. 435, 569 P.2d 865 (App.1977), we found

it necessary to remand to the trial court for a determination as to whether appellant was mentally competent to plead guilty. We further indicated that at the hearing on remand appellant could if he chose present evidence bearing upon his competency at the time of sentencing.

Hearings were held pursuant to the opinion and mandate of this Court, and at their conclusion the trial court rendered findings of fact which included a discussion of the testimony. The ultimate findings of the trial court were as follows:

(1) That the defendant Robert E. Pierce on the 11th day of August, 1976, and at the time he entered his plea, was competent to understand the nature of the proceedings and competent to make a reasonable choice as to the alternatives presented to him through the plea agreement entered into between him and the State.

(2) That on the 11th day of August, 1976, the defendant Robert E. Pierce, was able to understand the questions asked by the court pertaining to the plea agreement and to his plea. That he understand that he could plead not guilty and have a trial on all issues or that he could plead guilty to the one charge and that the others would be dismissed. That if he plead guilty he could be sentenced to 10 years in Prison and that the mandatory minimum was two years.

(3) That on the 28th day of September, 1976, he was competent to understand the proceedings at the sentencing and that a valid sentence was imposed.

Counsel for appellant sought and was granted leave to file a supplemental brief challenging the findings. Appellee also filed a supplemental brief.

Appellant challenges both the finding that appellant was competent to enter a plea and that he was competent at the time of sentencing.

■ Both medical experts referred to in this Court's earlier opinion testified, as did appellant. Dr. Gunderson's opinion was unequivocally to the effect that appellant was competent to enter a plea of guilty. While Dr. Martin's testimony was considerably more equivocal, he indicated an opinion, supported by reasons, that appellant was probably competent to enter a plea of guilty under the criteria set forth in our earlier opinion. It is accordingly clear that the trial court properly found appellant competent to plead guilty.

It was Dr. Gunderson's opinion that appellant was competent at the time of sentencing. Dr. Martin was of the view that at some time during the sentencing appellant became incompetent. Dr. Martin in effect affirmed, however, that it was possible that appellant became incompetent after sentence was pronounced.

■ Generally, the presence of some degree of mental illness is not to be equated with incompetence to be sentenced. *Hall v. United States*, 410 F.2d 653 (4th Cir. 1969), cert. denied 396 U.S. 970, 90 S.Ct. 455, 24 L.Ed.2d 436 (1969); *United States v. Leavitt*, 478 F.2d 1101 (1st Cir. 1973). The convicted person must either be "insane," *State v. Bradley*, 102 Ariz. 482, 433 P.2d 273 (1967), or unable to understand the proceedings and assist counsel. *State v. Denton*, 101 Ariz. 455, 420 P.2d 930 (1966).

■ In view of the testimony, we believe that there is a basis in the record for the trial court's conclusion that appellant was competent to be sentenced.

The findings of the trial court on remand are sustained and the judgment and sentence appealed from are affirmed.

HAIRE, P. J., and NELSON, J., concur.