NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ADAM JAMARIAN MARKELLE SILLS, *Petitioner*.

No. 1 CA-CR 23-0184 PRPC
FILED 3-12-2024

Petition for Review from the Superior Court in Maricopa County
Nos. CR2018-142488-001, CR2017-150457-001
The Honorable Joseph P. Mikitish, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Respondent*

Apfel Law Group, Phoenix
By Seth M. Apfel
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Michael S. Catlett joined.

**M O R S E**, Judge:

¶1        Adam Sills petitions this Court for review of the superior court's dismissal of his petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure ("Rule") 33. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In 2017, Sills was charged with theft of means of transportation (Case No. CR2017-150457-001) ("the 2017 case"). While released on bond, he was charged in 2018 with resisting arrest, misdemeanor threatening or intimidating, and two counts of misdemeanor criminal trespass (Case No. CR2018-142488-001) ("the 2018 case"). Sills had different counsel in each case.

¶3        Rule 11 proceedings were initiated in both cases and consolidated. *See* Ariz. R. Crim. P. 11.2; A.R.S. § 13-4503. In October 2018, the court determined that Sills was criminally incompetent but restorable and committed him for treatment. *See* A.R.S. § 13-4510(C).

¶4        Restoration proceedings were overseen by Dr. Kevin Hurley, who interviewed Sills on multiple occasions; evaluated his various medical, psychiatric, and educational records; and monitored his participation in restoration treatment sessions. In December 2018 and February 2019, the court found Sills incompetent but restorable based on Dr. Hurley's reports.

¶5        In March 2019, Dr. Hurley issued a report opining that Sills was competent to stand trial. The report included Sills' statements and responses to questions about his charges, possible outcomes, and aspects of the legal proceedings generally. Defense counsel in the 2017 and 2018 cases stipulated to a judicial competency determination based on Dr. Hurley's report, and the court ruled in April 2019 that Sills had been restored.

¶6        Two months later, Sills entered plea agreements in both cases. In the 2017 case, he pled guilty to an amended charge of unlawful use of means of transportation, stipulating that he be sentenced to prison for no more than 1.5 years. In the 2018 case, he pled no contest to resisting arrest with a stipulation that he be placed on probation after release in the 2017 case. The State agreed to dismiss the remaining charges in the 2018 case.

¶7        At the change-of-plea hearing, during a Rule 17.2 and 17.3 colloquy, Sills stated that he "[k]ind of" understood the plea agreements and

that he did not understand what would happen if the pleas were rejected or withdrawn. But upon further questioning, and with more information provided by the court, Sills said he understood the agreements and their consequences. The court found that his pleas were "made knowingly, intelligently, [and] voluntarily." Sills did not seek to withdraw from the pleas or request another Rule 11 examination, and the court sentenced him, six weeks later, to a mitigated term of 300 days in prison with 290 days of presentence incarceration credit in the 2017 case, to be followed by a three-year term of probation in the 2018 case. The court found Sills' "mental health history" and "diminished capacity to appreciate the wrongfulness of his actions" were mitigating factors, and constructed his sentence to expedite his placement into a treatment facility.

¶8        Sills began probation shortly after being sentenced. After about 16 months on probation, the State petitioned to revoke his probation, alleging he committed robbery in November 2020 ("the 2020 case"). The court granted a defense motion for a Rule 11 examination and, in July 2021, found Sills incompetent but restorable. Two months later, the court again found Sills incompetent but restorable, and it ordered him to keep receiving outpatient treatment. During that period, the State filed three supplemental petitions to revoke probation, alleging that Sills committed burglary, misdemeanor theft, misdemeanor trespassing, possession or use of dangerous drugs, and theft of means of transportation ("the 2021 cases"). In November 2021, the court again found Sills incompetent but restorable, consolidated the 2018, 2020, and 2021 cases for purposes of the Rule 11 proceedings, and committed him for further treatment. The court again found Sills incompetent but restorable in January 2022.

¶9        In August 2022, the court held an evidentiary hearing on Sills' competency. Doctors Celia Drake and Jon Van Doren, each of whom had examined Sills at the request of the defense, testified he had an intellectual disability of moderate severity and was not competent or restorable. Both doctors conveyed that their opinions were based in large part on cognitive testing of Sills—which showed that his intellectual functioning had not meaningfully changed since he was a child. Dr. Van Doren testified that it is particularly difficult to restore defendants with intellectual disability to competency. Both doctors questioned Dr. Hurley's earlier finding of competency given the nature and severity of Sills' intellectual disability. Each testified that, in their opinion, Sills would be unable to understand a typical plea agreement.

¶10        The court also considered three reports written by Dr. Leslie Dana-Kirby, who had been overseeing Sills' most recent restoration

treatment but did not testify at the evidentiary hearing. Dr. Dana-Kirby opined that Sills was currently incompetent because of intellectual impairment but could "almost certainly be restored, and likely in a short duration."

¶11 Shortly after the hearing, the court issued an order and concluded that Sills was criminally incompetent and there was no "substantial probability" he would be restored to competency by the statutory deadline. *See* A.R.S. §§ 13-4510(C), -4517(A). The court reasoned that "based on Dr. Dana-Kirby, Dr. Van Doren, and Dr. Drake's reviews of [Dr. Hurley's] report, it seems agreed that the source of his determination that Sills was competent was a presumption based on . . . malingering and lack of effort, rather than any establishment that Sills did understand the material and was capable of assisting in his defense." The court found "scant evidence that [Sills] ever was truly competent in the past" and that while further restoration treatment might help him to "remember some simple and concrete answers," it would not give him an "actual understanding of [legal] concepts."

¶12 The court dismissed without prejudice the criminal charges in the 2020 and 2021 cases and the petition to revoke probation in the 2018 case. *See* A.R.S. § 13-4517(A)(3). Soon after, Sills' probationary term in the 2018 case expired and he was discharged.

¶13 Sills filed a PCR notice in the 2017 and 2018 cases, which provided his intent to raise claims of ineffective assistance of counsel under Rule 33.1(a) and newly discovered material facts under Rule 33.1(e). Sills asserted he was not at fault for the untimeliness of his Rule 33.1(a) claim because he "was incompetent at all times relevant to these proceedings." *See* Ariz. R. Crim. P. 33.4(b)(3)(A), (D) (requiring claims under Rule 33.1(a) to be filed within 90 days after sentencing unless "the defendant adequately explains why the failure to timely file a notice was not the defendant's fault"). The court allowed briefing to proceed.

¶14 In his ensuing petition, Sills argued that (1) newly discovered evidence established he was not competent when he entered the pleas in the 2017 and 2018 cases, (2) his sentences were unlawful because he was not competent to be sentenced, (3) no reasonable fact-finder would find him guilty beyond a reasonable doubt because he was not competent to be tried, and (4) his attorneys in the 2017 and 2018 cases provided ineffective assistance by stipulating to a determination of competency without investigating indications he was incompetent. *See* Ariz. R. Crim. P. 33.1(a),

(c), (e), (h).  The State challenged the merits, but not the timeliness, of Sills' PCR claims.

**¶15**        In April 2023, the court summarily dismissed Sills' petition. *See* Ariz. R. Crim. P. 33.11(a).  The court determined that Sills was not conclusively incompetent when he entered pleas and was sentenced in the 2017 and 2018 cases, that recent documentation of Sills' "static" mental condition did not constitute "newly discovered material facts" under Rule 33.1(e), and Sills did not receive ineffective assistance of counsel in the 2017 and 2018 cases.  Sills petitioned for review, challenging all the court's bases for denying relief.  We have jurisdiction under Rule 33.16 and A.R.S. § 13-4239(C).

## DISCUSSION

**¶16**        We review the court's dismissal of Sills' PCR petition for an abuse of discretion, which occurs if the court "makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017).  We review legal questions and constitutional issues de novo. *Id.*

**¶17**        The right to due process prevents the government from prosecuting a defendant who is incompetent to stand trial.  *See Johnson v. Hartsell*, 254 Ariz. 585, 589–90, ¶ 16 (App. 2023) (citing cases); *see also* A.R.S. § 13-4502(A) ("A person shall not be tried, convicted, sentenced or punished for an offense if the court determines that the person is incompetent to stand trial.").  A defendant is incompetent to stand trial if "as a result of a mental illness, defect or disability [the] defendant is unable to understand the nature and object of the proceeding or to assist in the defendant's defense." A.R.S. § 13-4501(3); *see State v. Mendoza-Tapia*, 229 Ariz. 224, 231, ¶ 22 (App. 2012) ("The [federal constitutional] test for competency is whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960))).  The constitutional standards for competence to stand trial and competence to plead guilty are the same. *Godinez v. Moran*, 509 U.S. 389, 398–99 (1993).[1]

---

[1]        Sills asserts that pleading guilty requires a higher standard of competence than being tried.  Although the Arizona Supreme Court formerly endorsed that distinction, *State v. Bishop*, 162 Ariz. 103, 104–05

## I.   Newly Discovered Evidence.

**¶18**      To establish a colorable claim of newly discovered material facts under Rule 33.1(e), the defendant must show that the evidence "appear[s] on its face to have existed at the time of trial but be discovered after trial," is "relevant to the case," is "not simply . . . cumulative or impeaching," and is "such that it would likely have altered the verdict, finding, or sentence if known at the time of trial." *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016) (citing *State v. Bilke*, 162 Ariz. 51, 52–53 (1989)).  The defendant must also present "facts from which the court could conclude the defendant was diligent in discovering the facts and bringing them to the court's attention." *Id.*  Facts are not "newly discovered" if they merely entail "broadened research into" or "greater professional awareness" of a known disorder suffered by the defendant, or a new "medical diagnosis" of the defendant that could have been presented at the time of trial. *State v. King*, 250 Ariz. 433, 440–41, ¶¶ 30, 33–34 (App. 2021).

**¶19**      Sills alleges that the extent of his impairment discovered by doctors Drake and Van Doren, which partly resulted from their consideration of cognitive testing that previous Rule 11 examiners did not conduct or consider, constitutes "newly discovered material facts" entitling him to relief.  Sills asserts that the newly discovered severity of his condition includes the doctors' determination that he cannot understand a plea agreement, cannot read beyond an elementary-school level, and tends to mask his disabilities.

**¶20**      The court did not abuse its discretion by dismissing Sills' Rule 33.1(e) claim because evidence of the severity or nature of Sills' condition did not constitute "newly discovered material facts."  Sills' own assertion that his cognitive status was "static" and unchanged since childhood shows that the facts alleged to be newly discovered were known or knowable when he pled guilty and does not support Rule 33.1(e) relief. *See King*, 250 Ariz. at 435, ¶ 2 (denying relief on the defendant's claim that newly discovered evidence showed she suffered from postpartum psychosis "because [she] could have been diagnosed with postpartum psychosis before her criminal trial, even if the likelihood of diagnosis later improved when medical science expanded the menu of diagnostic criteria"); *see also Amaral*, 239 Ariz. at 221, ¶¶ 17–18 (holding that the results of research

---

(1989), it has subsequently rejected the notion that waiver of rights requires greater competency than standing trial, *State v. Muhammad*, 253 Ariz. 371, 380, ¶¶ 36–38 (2022) (citing *Godinez*, 509 U.S. at 401–02).

conducted after the defendant's sentencing were not newly discovered material facts because the results "merely supplement[ed] then-existing knowledge of [facts]" known and considered at the time of sentencing).

## II.    Ineffective Assistance of Counsel.

**¶21**        Sills' ineffective-assistance of counsel claim is predicated on the notion that the extent of Sills' cognitive impairment was knowable when he changed his pleas in the 2017 and 2018 cases. Sills argues that counsel performed deficiently by failing to examine adequately the records and reports regarding Sills' condition, to question the accuracy of Dr. Hurley's opinion given known information about Sills' impairment and "red flags" in Dr. Hurley's report, and to consult an expert about conducting cognitive testing.

**¶22**        To succeed on a claim of ineffective-assistance of counsel, the defendant "must demonstrate that counsel's conduct fell below an objective standard of reasonableness and that he was prejudiced thereby." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 8 (2021). "The scrutiny of counsel's performance must be highly deferential and '[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight.'" *Id.* at 408, ¶ 11 (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

**¶23**        The court did not abuse its discretion by determining that Sills' counsel in the 2017 and 2018 cases performed reasonably. The decision to stipulate to a competency determination based on Dr. Hurley's report was "in light of all the circumstances . . . [not] outside the wide range of professionally competent assistance." *Id.*

**¶24**        When circumstances require defense counsel to decide whether to investigate further or consult an independent expert on an issue, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691; *see State v. Denz*, 232 Ariz. 441, 445, ¶ 11 (App. 2013) ("[A]lthough counsel has a duty to engage in adequate investigation of possible defenses, counsel may opt not to pursue a particular investigative path based on his or her reasoned conclusion that it would not yield useful information or is otherwise unnecessary in light of counsel's chosen strategy."). It was not unreasonable for Sills' counsel in the 2017 and 2018 cases to stipulate to a competency determination based on Dr. Hurley's report without

conducting further investigation. First, the report showed that Dr. Hurley considered Sills' records going back more than 10 years—including records pertaining to his educational and competency history. Second, the report documented Sills' responses to questions, taken over several months, about his general and specific knowledge of the legal proceedings. Counsel could reasonably decide that Dr. Hurley's examination and report were thorough enough to obviate the need for additional investigation, or an independent expert evaluation, of Sills' competency. Thus, counsel's decision was sound because "counsel had a reasoned basis justifying the decision." *Denz*, 232 Ariz. at 445, ¶ 12.

## III. Unlawful Conviction and Sentence.

¶25 The court did not abuse its discretion by dismissing Sills' claims that his sentences in the 2017 and 2018 cases were unlawful, and no reasonable factfinder would find him guilty beyond a reasonable doubt, because he is incompetent. *See* Ariz. R. Crim. P. 32.1(c), (h). Even though doctors Drake and Van Doren were skeptical about Sills' competence when he changed his pleas in 2019, they did not evaluate him at that time and Dr. Dana-Kirby's finding that Sills was restorable is evidence that his earlier restoration was plausible.

¶26 Furthermore, the proceedings that took place around the time of the earlier competency finding do not establish incompetence. First, Dr. Hurley's report documented an apparent progressive increase in Sills' understanding of the legal proceedings, and Sills' responses suggested he understood the difference between taking a plea versus going to trial and the likely outcomes of each course in his case. Even if the report did not account for all available information about Sills' cognitive impairment, Dr. Hurley's findings are still entitled to some influence. *See Muhammad*, 253 Ariz. at 381, ¶ 44 ("Where 'a defendant has already been adjudicated competent, the court must be permitted to rely on the record supporting that previous adjudication.'" (quoting *State v. Moody*, 208 Ariz. 424, 443, ¶ 48 (2004))); *Bishop*, 162 Ariz. at 105 (according "some evidentiary weight" to an earlier finding, under "a lesser standard," that the defendant was competent to assist his counsel).

¶27 Second, plea counsel agreed to a competency determination based on Dr. Hurley's report and did not seek to have Sills re-evaluated before he was sentenced. *See State v. Lopez*, 110 Ariz. 198, 199 (1973) (finding no due process violation in the determination of the defendant's competence to plead guilty where the competency proceedings complied with statutory requirements and defense counsel agreed to a determination

based on written reports of psychiatrists); *State v. Pierce*, 116 Ariz. 435, 43839 (App. 1977) ("[U]nless counsel has indicated a contrary view on the record, the offering by an accused client of a plea of guilty should logically constitute a representation on the part of defense counsel that at least in his opinion the client is competent and capable of entering an intelligent plea.").

**¶28**        Third, at the change-of-plea hearing,[2] Sills specified what additional information he needed, affirmed that he understood the court's questions, and corrected himself when he made a mistake in his answers. *See Bishop*, 162 Ariz. at 105 (reasoning that the defendant's comportment and responses at the change-of-plea and sentencing hearings supported a finding of competency). Sills' statements during the proceeding do not show that he was simply "parroting" or "mimicking" what had been told to him to conceal his level of disability.

### CONCLUSION

**¶29**        For these reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[2]        The judge who ruled on Sills' PCR claims was the same judge who conducted the change-of-plea hearing and sentencing in the 2017 and 2018 cases. The judge "was certainly entitled to rely on his own observations in reaching a conclusion" as to Sills' competency at that time. *Bishop*, 162 Ariz. at 105.