53 N.J. Super. 526 (1959)
147 A.2d 817
THE STATE OF NEW JERSEY, EX REL. RALPH L. KINCAID, APPELLANT,
v.
STATE PAROLE BOARD, HAROLD J. ASHBY, CHAIRMAN, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 12, 1959.
Decided January 22, 1959.
*527 Before Judges CONFORD, FREUND and HANEMAN.
*528 Mr. Ralph L. Kincaid, appellant, pro se.
Mr. Eugene T. Urbaniak, Deputy Attorney General (Mr. David D. Furman, Attorney General, attorney), for respondent.
The opinion of the court was delivered by CONFORD, J.A.D.
This is an appeal from the decision of the State Parole Board that the appellant should not be given credit for time spent out of jail on parole (commonly called "street time") or time spent in service of a sentence for a subsequent offense, in connection with a revocation of the appellant's parole.
The prisoner was originally convicted for possessing and selling illicit alcoholic beverages on May 22, 1956 and sentenced by the Law Division, Atlantic County, to State Prison for a term of one to three years. On January 15, 1957 he was granted parole, same to become effective June 10, 1957 and he was released on the latter date. On November 20, 1957 he was apprehended, while on parole, for again possessing and selling illicit alcoholic beverages and committed to the Atlantic County jail. On the same day the prisoner was declared to be delinquent on parole. On December 27, 1957 the Parole Board revoked the parole because of the said arrest and for appellant's associating with another individual known to be a violator of the Alcoholic Tax Unit regulations.
The prisoner pleaded nolo contendere and was thereupon sentenced to the county jail of Atlantic County for a period of four months, the court specifying that the confinement from November 20, 1957 to March 20, 1958 be credited as service of the sentence.
On March 25, 1958 the prisoner was returned to the State Prison as a parole violator, and the State Parole Board declared, after a hearing, that he should serve the balance of time remaining on the original sentence, same to be computed from the date of his release on parole. A subsequent application by the prisoner for reconsideration and *529 for allowance of his street time as a credit was denied by the Board.
The first question requiring determination is whether this appellant's case is controlled by the amendment of N.J.S.A. 30:4-123.24 effected by L. 1957, c. 28, or whether by the statute as it previously stood. As it now stands, so far as is here material, it reads as follows:
"N.J.S.A. 30:4-123.24. A prisoner, whose parole has been revoked because of * * * commission of an offense which subsequently results in conviction of a crime committed while on parole, even though such conviction be subsequent to the date of revocation of parole, shall be required, unless sooner reparoled by the board, to serve the balance of time due on his sentence to be computed from the date of his original release on parole."
Previously the terms of the statute were such that in order to require the prisoner to serve the entire balance of time from the date of his original release on parole it must have been shown that his parole was revoked "because of a conviction of a crime committed while on parole." L. 1948, c. 84, § 24. Thus, where the parole was revoked after the offense was committed but before conviction, the foregoing provisions of the statute did not by its terms apply and the balance of time to be served was computed as of the date of declaration of delinquency on parole (same statutory section). Under the 1957 amendment, however, in those cases in which it is properly applicable, revocation of parole for commission of a crime requires that the parolee serve the balance of his original sentence from the date of release on parole, even though conviction of the crime does not occur until after revocation of parole.
Thus, if this amendment is properly applicable to the prisoner in the present case, he has no basis to attack the denial to him of street time credit on the balance of the term he is to serve.
The appellant contends that the 1957 amendment is not applicable to this case because it did not become effective until April 29, 1957, which was subsequent to the date of declaration of parole by the Parole Board; i.e. January 15, *530 1957. However, he overlooks the fact that the parole was by its terms expressly made effective on June 10, 1957, which was after the effective date of the statute. Consequently, if it makes any legal difference whether the amendment of the statute antedated the parole, it is our conclusion that it did, since the parole should be not regarded as operative until the date when it was to take effect.
One might well go one step further and hold, if necessary, that the terms of the statutory amendment are intended to be applicable to any parolee whose misconduct, resulting in a revocation of parole, takes place subsequent to the adoption of the amendment, regardless of when the parole became effective. It can be persuasively argued that the Legislature contemplated this result when it spoke in terms of revocation of parole because of the commission of an offense. The factor which brings the newer, weightier sanction of the statute into operation is the commission of the offense while on parole. We cannot accept appellant's argument that the application of the amendment in his case is precluded by the principle of vested rights or the prohibition against ex post facto laws, the contention being that the prisoner is protected against any more burdensome provisions relating to revocation of parole than those existing when the Board voted him his parole. In our view, the State may, with full propriety, after releasing a prisoner on parole, adopt legislation which tells him, in effect, that if he subsequently commits a crime the revocation of his parole will be attended with the penalty of service of a greater portion of the original sentence than that fixed by the law when he was paroled. Parole is an act of favor on the part of the State, not a matter of right on the part of the prisoner. As long as the punishment for a crime is not increased after its commission, there is no violation of the prisoner's constitutional rights. Cf. Zink v. Lear, 28 N.J. Super. 515, 525 (App. Div. 1953); see also White v. Parole Board, 17 N.J. Super. 580 (App. Div. 1952). Increasing the portion of the original sentence to be served for breach of parole is not increasing the penalty for commission of the original *531 offense. The only question before us is one of statutory construction; no pertinent principle of constitutional law is appropriately invoked. In our judgment the amendatory statute was intended to be applicable, at the very least, to cases in which, as here, the parole became effective subsequent to its enactment.
Defendant stresses that the conditions attached to the parole certificate were stated in terms of the provisions of the act as it stood prior to its amendment and that the Board is bound thereby. However, the regulations of the Board are obviously subject at all times to the statute and where there is any inconsistency the latter governs.
Defendant also contends that he should be credited against the balance of his term remaining to be served with the period of time he spent in custody after revocation of parole, and made creditable by the judgment of the Atlantic County Court to the service of the sentence fixed by that court on the conviction of the subsequent offense. Such a credit, however, would be clearly contrary to N.J.S.A. 30:4-123.27. The case of Lipschitz v. State, 43 N.J. Super. 386 (App. Div. 1957), is squarely against defendant on this point.
The other contentions raised in the appellant's briefs have no merit and require no discussion.
Affirmed.