104 N.J. Super. 226 (1969)
249 A.2d 611
DOMINICK BONOMO, PLAINTIFF-APPELLANT,
v.
NEW JERSEY STATE PAROLE BOARD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 19, 1968.
Decided January 17, 1969.
*228 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Arthur N. D'Italia argued the cause for appellant (Messrs. Warren, Chasan, Leyner and Holland, attorneys).
Mr. Eugene T. Urbaniak, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by CONFORD, S.J.A.D.
Two principal questions are presented by this appeal: (1) Does a convict, paroled during service of his sentence, who commits a crime during parole, but whose parole is revoked for a cause other than commission of crime, forfeit his "street time" (i.e., between date of parole and date of apprehension for delinquency on parole), and (2) does time spent in service of a prison sentence under a federal conviction of crime committed while on parole from service of a State Prison term count toward the time owed the State by the convict consequent upon revocation of parole? We resolve both questions in the negative.
Bonomo was serving aggregated sentences with a minimum of 17 years and a maximum of 24 for various crimes when he was paroled therefrom on September 21, 1961. On July *229 15, 1964 the State Parole Board issued its warrant to detain Bonomo because of his arrest as a disorderly person. On July 20, 1964 he was convicted as a disorderly person in the Municipal Court of Jersey City and sentenced to 30 days in the Hudson County Jail. The same day he was declared delinquent on parole by the Board for "failure to obey all laws and public ordinances as evidenced by your conviction * * * on a charge of Disorderly Person (4A Condition of Parole)." On August 5, 1964 Bonomo's parole was revoked by the Parole Board, the "Reasons" for the revocation being stated in terms identical with those given in the declaration of delinquency. On August 18, 1964 Bonomo was surrendered to federal authorities; on September 16, 1964 he was indicted for possessing and passing counterfeit money and he was subsequently convicted of that charge and sentenced February 26, 1965 to a federal prison term of three years. It is undisputed that the federal offense was committed during the period of Bonomo's enlargement on parole.[1]
Bonomo served his federal sentence in a federal prison in Pennsylvania until May 4, 1967, after which he was detained there pending proceedings to extradite him to this State, except for the period from May 11, 1967 to June 23, 1967, during which he was free on bail. He was returned to New Jersey January 17, 1968, and has remained incarcerated at the State Prison since.
Bonomo has been advised by the Prison authorities that he must serve the balance of time remaining on his original *230 sentence from September 21, 1961, without credit for any portion of the period between September 21, 1961 and May 4, 1967, unless sooner reparoled. He here appeals that determination. The Parole Board undertakes to defend the determination except for its concession that Bonomo will be credited, if he has not already been, with the time of detention between termination of his incarceration for disorderly conduct in Jersey City and the date of his being taken into custody by the federal authorities.

I As to the Forfeiture of "Street Time."

In respect of this subject we are controlled by the statute, N.J.S.A. 30:4-123.24, which reads:
"A prisoner, whose parole has been revoked because of a violation of a condition of parole or commission of an offense which subsequently results in conviction of a crime committed while on parole, even though such conviction be subsequent to the date of revocation of parole, shall be required, unless said revocation is rescinded, or unless sooner reparoled by the board, to serve the balance of time due on his sentence to be computed from the date of his original release on parole. If parole is revoked for reasons other than subsequent conviction for crime while on parole then the parolee, unless said revocation is rescinded, or unless sooner reparoled by the board, shall be required to serve the balance of time due on his sentence to be computed as of the date that he was declared delinquent on parole." (Emphasis added)
It is clear to us that the Legislature has by this language made the consequences of violation of parole, in terms of requirement of service of street time, expressly dependent on the "reasons" for the revocation of parole assigned by the Parole Board. If the parole is revoked "because" of conduct by the parolee during parole which subsequently results in conviction of crime, street time is forfeited. If parole is revoked for any other "reason," it is not, and service of the uncompleted term is required beginning only as of the date of declaration of delinquency on parole.
We take cognizance of the argument of the Parole Board that this result would contravene the apparent policy of *231 the statute that parolees committing a crime while on parole should be required to serve street time, in relation to cases where at the time of revocation the Board does not know of the crime but only of some lesser transgression, which it therefore assigns as the sole reason for revocation. Insofar as the present case is concerned, however, there is an open question whether the Parole Board should not reasonably have known of Bonomo's commission of the federal crime of passing counterfeit money when it revoked his parole (see footnote 1, supra). But in any event this court has on at least two prior occasions read this statute literally to make the effect of the Board's action of revocation, in respect of defendant's remaining penal term, dependent on the reasons specifically assigned by the Board for such revocation. State ex rel. Kincaid v. State Parole Board, 53 N.J. Super. 526 (App. Div. 1959); Pickering v. State, unreported, Docket No. A88-55 (App. Div. 1956). (Pickering, although unreported, is cited and relied on in the briefs of both sides.)
In Kincaid the court had for consideration the effect of the amendment of the section by L. 1957, c. 28, which produced its present text. Previously, the portion of the section antecedent to the language, "shall be required," etc., had read: "A prisoner, whose parole has been revoked because of conviction of a crime committed while on parole," L. 1948, c. 84, § 24. In the case of Pickering, supra, where the prisoner's parole had been revoked "for good cause" August 11, 1953, and his conviction of crime did not take place until February 2, 1954, we held that the prisoner "obviously" did not lose his street time since parole had not been revoked because of conviction of a crime.
We pointed out in Kincaid, supra, 53 N.J. Super., at p. 529, that the purpose of the 1957 amendment was to broaden the category of such parole revocations as would effect forfeitures of street time. This was done by giving that effect to cases where a parole was revoked for commission of crime *232 during parole notwithstanding conviction did not take place until after revocation. It is manifest that the amendment was designed to overcome the effect of decisions like Pickering, supra. But it is equally clear that the amendment left the statute in its previous condition of making the incidence of loss of street time dependent on the reason assigned by the Parole Board for its action in revocation of parole. See the Statement of the introducer of the bill which was enacted as L. 1957, c. 28. Were the Legislature desirous of making the fact of commission of crime while on parole determinative of the forfeiture of street time, regardless of the nature of the reasons given for revocation by the Board, such intention could readily and aptly have been expressed in the statute  if not originally, then at least when it was amended in 1957. The statute being penal in nature, it should not be construed against the rights of the prisoner in the face of its plain textual import to the contrary.
We are thus led to adhere to our previous readings of the statute in the cases cited above and to dismiss the Parole Board's argument that it requires automatic loss of street time upon the prisoner's conviction of crime committed while on parole, per se. Cf. Jerabek v. State, 69 N.J. Super. 264 (App. Div. 1961), where the point in question was not raised or considered.
The Parole Board argues that the conditions of parole, as stated in the parole certificate, constitute a "contract" with the State of New Jersey binding on the prisoner, and that Condition 7 of the certificate states that if the prisoner is convicted of a crime while on parole or commits an offense while on parole which results in conviction of a crime, the parole may be revoked without notice and the prisoner required to serve all the time remaining on his sentence as of the date of release on parole. However, the certificate must be read together with the statute, and not contrary thereto to the prejudice either of the State or the prisoner. State ex rel. Kincaid v. State Parole Board, supra, *233 53 N.J. Super., at p. 531. Moreover, as seen above, the parole was expressly revoked for conviction of disorderly conduct, not for commission or conviction of a crime.
The Board concedes that Bonomo's conviction of disorderly conduct was not a conviction of a "crime"; and see Sawran v. Lennon, 19 N.J. 606, 611-612 (1955). It must follow that the Board did not revoke Bonomo's parole because of an offense resulting in conviction of a crime, and the second sentence of N.J.S.A. 30:4-123.24 accordingly becomes operative. Defendant can be required to serve only the balance of time due on his sentence to be computed as of the date of declaration of delinquency on parole (subject to our holding in II, hereinafter).
The foregoing disposition renders it unnecessary for us to discuss Bonomo's contention that a contrary result on this point would subject him to denial of liberty without due process and double jeopardy. We may say, however, that we have weighed those arguments and find them without merit. See our opinion in Roman v. New Jersey State Parole Board, 104 N.J. Super. 222, decided simultaneously herewith.

II
Bonomo contends that once his parole was revoked he began automatically to resume service of his original term of imprisonment; that such service could not be interrupted by the transfer of his custody to the federal authorities and that consequently all of the time which elapsed between the transfer of custody to the federal authorities and Bonomo's return by the latter to the New Jersey authorities after service of his federal term must count toward his credit against his obligation on the original state term.
The record before us does not indicate what officer or agency surrendered Bonomo to the federal agents, but we think it makes no difference insofar as the instant issue is concerned. Bonomo took no steps to challenge the transfer when it took place. Considerations of comity rendered it not inappropriate *234 for the State of New Jersey to transfer the prisoner to the United States Government for prosecution for his federal crime. 22 C.J.S. Criminal Law p. 306-307, § 111. We are not here called upon to decide whether New Jersey was obliged to turn Bonomo over to the United States for prior trial, or punishment by imprisonment, on a federal charge, before completion of service of his unfinished state sentence. The only question before us is this: New Jersey authorities having done so without objection at the time by the prisoner, and federal prosecution and imprisonment having actually ensued and been completed, what is the effect on the prisoner's penal indebtedness to the State? Cf. Rau v. McCorkle, 45 N.J. Super. 191 (Law Div. 1957).
Bonomo's reliance upon People v. Murphy, 1 N.Y.2d 367, 153 N.Y.S.2d 21, 135 N.E.2d 567 (Ct. App. 1956), cannot serve his cause. On a state of facts roughly comparable with those here presented, the court held that the prisoner's service of his original sentence recommenced after parole, upon his arrest for violation of parole, and that under the applicable New York statutes the running of that service could not be stopped by the fact of surrender of the prisoner to federal authorities for service of a federal prison term for an offense committed while on parole. The case before us is distinguishable in two important respects. First, so far as we are aware, there is no New Jersey statute like the New York act, relied upon in Murphy, absolutely prohibiting suspension or interruption of a prison sentence after imprisonment has commenced. Second, and of even more significance, New York does not appear to have any statute like our N.J.S.A. 30:4-123.27, which provides, in part:
"No part of a sentence, for which a parole has been granted and revoked, shall be deemed to be served by a prisoner, whose parole was revoked, while he is serving a sentence for an offense other than the one for which he was paroled."
Except where the sentencing judge on the subsequent offense expressly directs that the sentences be served concurrently, *235 State v. Grant, 102 N.J. Super. 164 (App. Div. 1968), the foregoing statutory language precludes the period of time served on the subsequent sentence from being counted as a credit toward service, upon revocation of parole, of the original sentence. Chernachowicz v. State, 39 N.J. Super. 571 (App. Div. 1956), affirmed State v. Chernachowicz, 22 N.J. 83 (1956), certiorari denied 352 U.S. 897, 77 S.Ct. 136, 1 L.Ed.2d 89 (1957). We have no doubt that the intent of the statute extends to subsequent service of out-of-state and federal prison sentences as well as New Jersey ones. The statute dispositively rules out Bonomo's contention that the time served on the federal sentence also counts as service on the state sentence.
There remains for consideration the status of the time period in federal custody prior to commencement of service of the federal term. If Bonomo was given no credit for this on his federal term[2] he should be credited with it on the remaining New Jersey sentence. If, however, he was given such credit, he cannot be allowed the double credit which would eventuate by also crediting the New Jersey term therewith. In the latter case, the time involved should be deemed to fall within the effect of N.J.S.A. 30:4-123.27; and this result does justice to both the prisoner and the State, within the public policy embodied in the statute. Bonomo owed both the Federal Government and the State of New Jersey full consecutive service of the respective terms meted out to him, subject to the parole action of the State Board.
Reversed and remanded with directions to the State Prison authorities to modify plaintiff's penal status of record in accordance with the foregoing.
NOTES
[1] The opinion of the Third Circuit Court of Appeals affirming Bonomo's conviction indicates that he was arrested by the Jersey City police on July 15, 1964 while he and another were found passing counterfeit currency, in the course of which arrest he assaulted a policeman. United States v. Carlson, 359 F.2d 592, 596 (1966). It is clearly inferable that the disorderly persons conviction arose out of the foregoing events. Bonomo contends that the State Parole Board knew or could readily have ascertained, at the time of the arrest, that he had committed a federal crime. The Board denies any knowledge of the federal charges until so informed by the State Police September 23, 1964.
[2] Post-argument data supplied us by the Parole Board seems to indicate no such credit was given.