458

569 P.2d 1356

**The STATE of Arizona, Appellee,**

v.

**Carroll Harland WILLIAMS, Appellant.**

**No. 2 CA–CR 993.**

Court of Appeals of Arizona,
Division 2.

May 25, 1977.

Rehearing Denied July 29, 1977.

Review Denied Sept. 20, 1977.

Bruce E. Babbitt, Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

Klein & Klein by Donald S. Klein, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant attacks his conviction of murder, second degree, and the sentence of not less than 60 nor more than 90 years in the Arizona State Prison. He was found guilty based upon his guilty plea pursuant to a plea bargain whereby three counts of rape and four allegations of prior convictions were dismissed.

Appellant attacks his guilty plea on three grounds: (1) no factual basis was established, (2) his competence to plead guilty was not determined by the trial court, and (3) his guilty plea was not made voluntarily because he was not advised that intent to cause the death of the victim was an element of second degree murder.

Appellant contends that no factual basis for a plea of guilty to second degree murder existed and would only support a plea of guilty to voluntary manslaughter. We do not agree. The use of the gun to kill his wife was sufficient to prove malice. *State v. Magby*, 113 Ariz. 345, 554 P.2d 1272 (1976); *State v. Duke*, 110 Ariz. 320, 518 P.2d 570 (1974). He threatened to blow his wife's brains out; he armed himself with a deadly weapon; and buried her body after the killing. The trial judge did not have to believe the explanation given by appellant to his probation officer. The extended record supports the trial judge's conclusion that there was a factual basis for the plea.

Appellant claims the trial court was remiss in its duty to inquire into his competence to plead guilty. Appellant was ar- raigned on May 27, 1976, and on June 23, filed a motion pursuant to Rule 11, Rules of Criminal Procedure, requesting a mental examination to determine if he was able to understand the proceedings against him and assist in his defense, and to investigate his mental condition at the time of the offense. The motion was granted, two psychiatrists were appointed to examine him, and counsel stipulated to submit the matter to the court based upon the mental health experts' report. On August 16, based upon the reports, the court found that appellant understood the nature of the charges against him and was able to assist counsel in his own defense.[1] At the conclusion of the Rule 11 hearing, defense counsel requested that the matter be set for a change of plea hearing. On August 31, the written plea agreement was signed by appellant indicating that he had read the agreement with the assistance of counsel, understood its terms and the rights he gave up by pleading guilty, and agreed to be bound according to the provisions therein. Appellant pled guilty the same day and his plea was accepted by the court.

Thus we see that the finding of competency by the medical experts occurred approximately 5 weeks before appellant pled guilty. No question was raised as to his competency to waive his constitutional rights. Appellant contends that since the question of his lack of mental capacity lurked in the background, an additional examination was required, citing *Sieling v. Eyman*, 478 F.2d 211 (9th Cir. 1973). Appellant's reliance on *Sieling* is misplaced, however, since *Sieling* is limited to a situation in which the factual support for a finding of competency to stand trial or to waive constitutional rights is inadequate or conflicting. *State v. Ellison*, 111 Ariz. 167, 526 P.2d 706 (1974). The record here reflects that the trial court made every effort to ensure that appellant understood his constitutional rights, that they were being waived, and the consequences of his waiver. The psychiatric reports cast no doubt on the question of competency to plead guilty—in

---

1. Appellant was examined by one doctor on July 16 and by the other on July 23.

fact they indicated appellant was competent.

 As to appellant's final attack on his guilty plea, he claims it was invalid because he was not advised that intent to cause the death of the victim is an element of second degree murder. He cites *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), in support of his position. Division One of this court was confronted with the same question in *State v. Robin*, 115 Ariz.App. 9, 562 P.2d 1376 (filed April 5, 1977), and held that *Henderson*, of itself, does not mandate abandonment of the oft-repeated rule that recital of the legal elements of the offense is unnecessary to a valid guilty plea. See also *State v. Ohta*, 114 Ariz. 489, 562 P.2d 369 (filed March 16, 1977), and *State v. Devine*, 114 Ariz. 574, 562 P.2d 1072 (filed March 30, 1977). We therefore find no merit in appellant's claim.

Appellant contends that the sentence of 60 to 90 years in the state prison was excessive and contrary to law. He concedes that the sentence is within the statutory limits and our review of appellant's "track record" leads us to conclude that the court did not abuse its discretion in deciding that a lengthy incarceration would best achieve the objectives of sentencing. Appellant also argues that the sentence imposed is illegal because had he been sentenced to life imprisonment, he would be eligible for parole in 25 years, whereas he will be required to serve 30 years, one-third of the maximum sentence, before he is eligible for parole. Parole is a matter of grace and not a constitutional right. *Witt v. State ex rel. Eyman*, 18 Ariz.App. 120, 500 P.2d 905 (1972). The only "right" which a prescribed minimum period of parole eligibility gives, is the right to request the Board of Pardons and Paroles to allow the prisoner to serve the balance of his sentence outside the walls of the penitentiary. *Mileham v. Ariz. Board of Pardons and Paroles*, 110 Ariz. 470, 520 P.2d 840 (1974). We decline to consider this "right" one of constitutional dimension. Appellant's claim of denial of equal protection of the laws is equally without merit.

Affirmed.

HOWARD, C. J., and RICHMOND, J., concurring.