590 P.2d 480

**The STATE of Arizona, Appellee,**

v.

**Duane Calvin MORRIS, Appellant.**

**No. 2 CA–CR 1382.**

Court of Appeals of Arizona, Division 2.

Jan. 24, 1979.

Robert K. Corbin, Atty. Gen., by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

Anne-Marie Brady, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant pled no contest to aggravated battery, A.R.S. Secs. 13–241 and 13–245, pursuant to a plea agreement reduction from child molestation, Sec. 13–653. As part of the plea agreement, a prior conviction of second-degree burglary was alleged, raising the possible penalty to one to 10 years in the Arizona State Prison. Prior to accepting his plea, the court fully informed appellant of the rights he was waiving as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). While explaining to appellant the consequences of his plea, the judge informed him that at that point, the judge knew nothing about appellant's case.

Sentencing was set for December 5, 1977. On December 5, appellant's attorney, thinking appellant had been to the court clinic, wanted to see the court clinic report before sentencing because appellant had suffered a head injury in the past and had been in the state mental hospital. The probation officer stated that through a mix up, appellant had not been transported to the court clinic for a psychiatric or psychological evaluation.

Counsel for appellant then advised the court that his client wished to change his plea to not guilty and the following exchange took place:

"THE COURT: He wants to withdraw his plea of guilty?

MR. NORGREN: Yes, your Honor.

THE COURT: Do you have any basis for the request? Do you know anything more about it just that he wants to make the request?

MR. NORGREN: No, your Honor, I don't.

THE COURT: Is there anything that you want to tell me at this time, Mr. Morris?

MR. MORRIS: Yes, sir, your Honor, See, I didn't understand the other day, you know when—see, I'm still—I was in a daze, you know. I didn't understand what you explained. But that charge, I'm not guilty of the charge. See, it's senseless me pleading guilty to something I didn't do. And, you know, I would—I would like to prove myself that I am innocent. And I am innocent.

THE COURT: The record may show that the defendant requests to be allowed to withdraw his plea of guilty and have the plea of not guilty reinstated on the original charges. And the record may show that that request is denied."

Appellant contends that there is a serious question concerning his mental competency to waive his constitutional rights and enter a plea of no contest, and that the trial court's failure to cause a further examination into his competency constituted a violation of its responsibility under *Sieling v. Eyman*, 478 F.2d 211 (9th Cir. 1973), and the subsequent Arizona cases.

In *Sieling*, supra, the Ninth Circuit Court of Appeals held that where a "substantial question of a defendant's mental capacity has arisen in a criminal proceeding," the trial court must determine whether

> "a mental illness has substantially impaired . . . [defendant's] ability to make a reasoned choice among the alternatives presented to him and to understand the nature of the consequences of his plea." 478 F.2d at 215.

The Arizona courts have considered, discussed, criticized and applied the *Sieling* rule, holding that a separate determination of competency to waive constitutional rights is necessary only where sufficient evidence of incompetency exists, *State v. Wagner*, 114 Ariz. 459, 561 P.2d 1231 (1977), or a real doubt about the defendant's competency appears, *State v. Thompson*, 113 Ariz. 1, 545 P.2d 925 (1976), or the factual support for a finding of competency is inadequate or conflicting, *State v. Robinson*, 111 Ariz. 153, 526 P.2d 396 (1974); *State v. Decello*, 111 Ariz. 46, 523 P.2d 74 (1974). Accord, *State v. Williams*, 116 Ariz. 458, 569 P.2d 1356 (App.1977); *State v. Rodriquez*, 27 Ariz.App. 689, 558 P.2d 717 (1976); *State v. Byrd*, 22 Ariz.App. 375, 527 P.2d 777 (1974).

■ The trial court may well have concluded from its colloquy with appellant and from no formal issue having been made of the matter by appellant's counsel that no question of his competency existed. The trial court, furthermore, was entitled to some extent to rely upon counsel's failure to raise the question as constituting, at least by implication, some representation by counsel of appellant's competency to proceed. *State v. Pierce*, 116 Ariz. 435, 569 P.2d 865 (App.1977).

■ Appellant's competency, however, was drawn into question by the psychiatric evaluation which became available prior to the continued date for sentencing. His history of mental problems, as recited in the report, included confinement to the state hospital and the brain injury suffered in 1956, necessitating skull and possible brain surgery with implantation of a plate in his head, which resulted in a post-traumatic brain syndrome. Characteristics of that syndrome, according to the report, are release from inhibitions, impulsivity and irresponsibility.

Appellant's mental problems as set forth in the psychiatric report are not limited to treatment problems, as suggested by appellee. We believe that a substantial question of appellant's competence to enter the plea is raised by the record. The report raises a substantial question as to appellant's ability to make a "rational and reasoned decision" in entering his plea. *Wagner*, supra, 561 P.2d at 1234. The "rational and reasoned" standard of *Wagner*, contrasts sharply with the "impulsivity and irresponsibility" characteristics caused by the syndrome that appellant suffers. Appellant's plea of no contest cannot stand unless the record is expanded to show that he was competent to enter the plea. *State v. Wagner*, supra.

It is ordered that the trial court comply with Rule 11, Rules of Criminal Procedure, 17 A.R.S. If after the hearing the trial court finds that the defendant was not competent to enter a no contest plea, it shall set aside the plea and proceed according to Rule 11.5, Rules of Criminal Procedure. If the trial court finds that defendant was competent to enter the plea but was incompetent to be sentenced, it shall set aside the sentence and proceed according to Rule 11.5. If the trial court finds that appellant was competent both at the time of sentencing and at the time of the entry of the plea, it shall within 90 days of the issuance of our mandate herein, file in this court the record of the proceedings, including any reporter's transcript.

Remanded.

RICHMOND, C. J., and HOWARD, J., concurring.