703 P.2d 1246

**James WORTH, Plaintiff-Appellant,**

v.

**BOARD OF PARDONS AND PAROLES; Ernesto Salazar, Warden; State of Arizona; Department of Corrections, Defendants-Appellees.**

**No. 1 CA–HC 67.**

Court of Appeals of Arizona, Division 1, Department C.

May 23, 1985.

Reconsideration Denied July 11, 1985.

James Worth, in pro per., plaintiff-appellant.

Robert K. Corbin, Atty. Gen. by Jay Adkins, Asst. Atty. Gen., Phoenix, for defendants-appellees.

## OPINION

CORCORAN, Presiding Judge.

■ The issue in this appeal from the denial of petitioner's application for a writ of habeas corpus relief is whether the Board of Pardons and Paroles (Board) must reduce the maximum prison sentence by the amount of time spent in jail pending a parole revocation hearing.[1] We grant petitioner's request for relief.

On November 22, 1983, petitioner Worth was paroled to California. He violated his parole and was taken into custody in California on March 9, 1984. Worth was held in jail in both California and Arizona until July 20, 1984, pursuant only to the parole warrant, on which date the Board revoked his parole. Additionally, the Board forfeited "seven months street time."

■ Worth claims that *Jordan v. Arizona Bd. of Pardons and Paroles*, 108 Ariz.

---

**1.** Petitioner was imprisoned both at the time he filed his application for the writ and the notice of appeal, claiming that he was "illegally and unjustly restrained and imprisoned." He has since been released under the mandatory release provision of A.R.S. § 31–411(E). While his release renders the application for the writ moot, we will consider this petition as a petition for special action. *See Jordan v. Arizona Bd. of Pardons and Paroles,* 108 Ariz. 602, 503 P.2d 944 (1972); *Peru v. Raines,* 130 Ariz. 44, 633 P.2d 453 (App.1981).

602, 503 P.2d 944 (1972) mandates relief in his favor. We agree. In that case our Supreme Court held that a parolee who was incarcerated pursuant to another criminal charge must be given credit for the additional period of time during which he was detained only as a result of the violation of parole. As the court noted, "[P]etitioner should not be prejudiced by the failure of the Board to promptly return petitioner to the prison." 108 Ariz. at 603, 503 P.2d at 945. The state's claim that *Jordan* is distinguishable because the court did not consider whether jail time could later be forfeited by the Board under A.R.S. § 31–417 does not persuade us. The relevant section of A.R.S. § 31–417 provides that following a revocation hearing the parolee "may be thereafter imprisoned in the prison for a period equal to his unexpired maximum term of sentence at the time the parole was granted, unless sooner released or discharged." The statute does not authorize the Board to "forfeit" either street time or credits. It simply provides that a parolee may be imprisoned for the remainder of his maximum term of sentence. While an administrative interpretation of a statute or regulation is entitled to great weight, *Marlar v. State*, 136 Ariz. 404, 666 P.2d 504 (App.1983), a court is not bound by that interpretation unless there is a serious doubt as to the proper interpretation. *Jenney v. Arizona Express, Inc.*, 89 Ariz. 343, 362 P.2d 664 (1961). We see no doubt or ambiguity: pre-revocation incarceration must be credited against the unexpired maximum term of sentence calculated as of the time parole was granted.

 The Board attempted to forfeit seven months of street time although 240 days had elapsed between the granting and revocation of parole. The state contends that the 30 days "credit" should be applied against the time spent in jail rather than the period petitioner was not incarcerated. This argument is founded on the assumption that "credit" for pre-revocation jail time is given in the Board's discretion.

Since our holding makes clear that the Board has no such discretion, the 30-day period can only be credited against the period in which the board has discretion: the period when petitioner was at liberty. Therefore, undesignated "credits" by the Board must be applied against the time period when a parolee was not incarcerated.

It is ordered that the petitioner's release and sentence expiration date be recomputed in accordance with this opinion.

EUBANK and FROEB, JJ., concur.