724 P.2d 33

**Michael BAKER, Petitioner,**

v.

**ARIZONA BOARD OF PARDONS AND PAROLES; Richard Ortiz; Arizona Department of Corrections, Respondents.**

**No. HC–86–0002.**

Supreme Court of Arizona,
En Banc.

Aug. 19, 1986.

Michael Baker, pro se.

Robert K. Corbin, Atty. Gen. by Richard F. Albrecht, Asst. Atty. Gen., Phoenix, for respondents.

HOLOHAN, Chief Justice.

Petitioner, Michael Baker, filed a petition with this court contending that he had completed his sentence and should be released from prison. After preliminary screening of his *in propria persona* petition, we ordered that it be treated as a petition for writ of habeas corpus. After hearing the matter, we denied relief and noted that a written opinion would be issued later.

The essential facts are that on November 23, 1982 petitioner was granted parole from his seven and one-half years sentence in the state prison. He absconded from supervision on September 8, 1983, and from that date until his arrest he ceased to earn credit towards his sentence. He was arrested upon a parole violation warrant on January 22, 1985.

The Board of Pardons and Paroles (Board) conducted a parole revocation hearing on April 25, 1985. The Board found petitioner to be delinquent and in violation of his parole. It revoked any credit against the petitioner's sentence for the nine months accumulated between his release

on parole and September 8, 1983. This forfeiture of so-called "street time" is contested by petitioner. The time petitioner spent in custody subsequent to his re-arrest in January 1985 was credited to him.

We must decide a single issue: Can the Board of Pardons and Paroles forfeit "street time" of a parolee when he subsequently violates his parole and is reincarcerated?

The statutory authority for the Board's forfeiture of petitioner's "street time" comes from A.R.S. § 31–417, which reads in pertinent part:

> [The parole violator] may be ... imprisoned in the prison for a period equal to *his unexpired maximum term of sentence at the time parole was granted,* unless sooner released or discharged.[1]

(emphasis added). Should a parolee complete parole without incident, there is no question but that the time out on parole, "street time," counts towards completion of the sentence. The petitioner contends that *Worth v. Board of Pardons and Paroles,* 146 Ariz. 97, 703 P.2d 1246 (App. 1985), holds that street time may not be forfeited upon reimprisonment. The sole issue necessary to be decided in *Worth* was "whether the Board of Pardons and Paroles ... must reduce the maximum prison sentence by the amount of time *spent in jail* pending a parole revocation hearing." *Id.* at 97, 703 P.2d at 1246 (emphasis added). Although not necessary to the decision, the Court of Appeals addressed the issue of street time and stated that "The statute does not authorize the Board to 'forfeit' either street time or credits." *Id.* at 98, 703 P.2d at 1247.

The clear language of § 31–417 compels us to disagree with the dicta in *Worth.* The crucial language is: "for a period equal to his unexpired maximum term of sentence at the time the parole was granted...." The meaning is clear that the prisoner has no right to credit for the time he was on parole. The statute unambiguously permits the Board to act as it did.

We hold that the Board is authorized to forfeit "street time" when a prisoner's parole is revoked. Anything to the contrary in *Worth* is disapproved.

Relief denied.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

---

1. A.R.S. § 37–417 has subsequently been amended by Laws 1984, 1st S.S., Ch. 11, § 4, effective July 1, 1985. The quoted provision has survived amendment intact in § 31–417(a).