762 P.2d 121

Tom E. KELLEY, Plaintiff/Appellee,

v.

ARIZONA BOARD OF PARDONS & PA-
ROLES, John S. Sloss, Richard M. Or-
tiz, Arter L. Johnson, Patricia Gilbert,
Robert Kennerly, Ray Flores, and Ron
Johnson, Members, Defendants/Appel-
lants.

No. 2 CA–CV 88–0069.

Court of Appeals of Arizona,
Division 2, Department B.

March 17, 1988.

Review Denied Oct. 18, 1988.*

A.S.U. Law School Clinic by Gary Lowen-
thal and Jane Aiken, Supervising Lawyers,
Marcia Miller and Stephen White, Law Stu-
dents, Pursuant to Rule 38, Rules of the
Supreme Court, Tempe, for plaintiff/appel-
lee.

Robert K. Corbin, Atty. Gen. by Guy B.
Price, Phoenix, for defendants/appellants.

OPINION

ROLL, Judge.

The Arizona Board of Pardons & Paroles
(Board) appeals from the finding of a trial
court that forfeiture of prisoner Tom E.
Kelley's street time upon revocation of pa-
role constitutes an arbitrary deprivation of
liberty. For the reasons set forth below,
we reverse.

FACTS

In 1972, Tom E. Kelley was convicted on
two counts of rape and began serving a
sentence with the Arizona Department of
Corrections of 20 to 30 years. On Novem-
ber 8, 1978, Kelley was granted parole
from prison. In September of 1982, while
still on parole, Kelly was convicted of sexu-
al abuse and received a sentence of two
years and six months. After the convic-
tion, Kelley was notified of a parole revoca-
tion hearing.

* GORDON, C.J., of the Supreme Court, did not
participate in the determination of this matter.

FELDMAN, V.C.J., of the Supreme Court, vot-
ed to grant review.

Following a hearing on October 15, 1982, the Board ordered Kelley's parole revoked and denied him credit for three years and eight months of street time. Street time is measured "from the time a person accepts parole until the time parole is revoked or completed." A.C.R.R. R5-4-102(16).[1] Had Kelley been given credit for the time spent on the street during which he committed another sexual offense, he would have been released on or about January 1, 1987.

## PROCEDURES BELOW

After exhausting his administrative remedies Kelley filed a special action requesting credit for the three years and eight months of street time. A motion to dismiss the action was filed by the state. The trial court denied the state's motion and Kelley filed an order to show cause why he should not be released. On April 21, 1987, the trial court ordered Kelley's release.

## ISSUES ON APPEAL

The state appeals the trial court's decision that there is a constitutionally protected liberty interest in street time, which requires that clear objective guidelines be utilized by the Board in deciding whether a parolee, upon revocation of parole, should be credited with street time.

## DISCUSSION

This is a case of first impression in Arizona. The trial court addressed itself to two related issues. It first concluded that a liberty interest in street time did exist and that Kelley was entitled to the protections of due process found in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The trial court then ruled that the actions of the Board did not comport with the due process requirements announced in *Morrissey*. The court below did not dispute that the Board has the authority to forfeit street time when a prisoner's parole is revoked. *Baker v. Arizona*

*Board of Pardons & Paroles*, 150 Ariz. 414, 724 P.2d 33 (1986).

The trial court's finding of a liberty interest in street time and the conclusion that the due process requirements of *Morrissey, supra*, have not been met are conclusions of law. The standard of review is therefore de novo. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1985); *Cecil Lawter Real Estate School, Inc. v. Town & Country Shopping Center Co., Ltd.*, 143 Ariz. 527, 533, 694 P.2d 815, 821 (App.1984).

## THE NATURE OF THE INTEREST IN STREET TIME

That a person may not be deprived of his liberty without due process of law is axiomatic. Our Supreme Court has determined that the revocation of parole inflicts a "grievous loss" on the parolee and on others. *Morrissey, supra*, 408 U.S. at 482, 92 S.Ct. at 2601, 33 L.Ed.2d at 495. Revocation proceedings determine whether a parolee remains free or is returned to prison, and this determination calls for some orderly process. But the Supreme Court has also rejected "the notion that *any* grievous loss visited upon a person by the state is sufficient to invoke the procedural protections of the due process clause." *Meachum v. Fano*, 427 U.S. 215, 223, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451, 458 (1976) (emphasis supplied).

A liberty interest protected by the Fourteenth Amendment may arise either from the due process clause itself or from the laws of the state. *Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 869, 74 L.Ed.2d 675, 685 (1983); *Meachum, supra*, 427 U.S. at 223–27, 96 S.Ct. at 2537–40, 49 L.Ed.2d at 458–61.

## STATE–CREATED LIBERTY INTEREST

■ Parole is a matter of grace and not of right under Arizona law. *State v. Williams*, 116 Ariz. 458, 569 P.2d 1356

1. Arizona's Official Compilation of Rules and Regulations, Chapter 4 of Title 5, promulgated by the Arizona Department of Corrections.

(App.1977); *Whit v. State, ex rel. Eyman,* 18 Ariz.App. 120, 500 P.2d 905 (1972). However, once the state has chosen to grant parole, a liberty interest attaches and the requirements of *Morrissey* must be met in order to revoke that parole. The State of Arizona has fashioned procedures to comply with the requirements of *Morrissey.* A.R.S. §§ 31–416 and –417; A.C.R.R. R5–4–502 and –503; *Foggy v. Eyman,* 110 Ariz. 185, 187, 516 P.2d 321, 323 (1973). The rights guaranteed Kelley under *Morrissey* were honored. Kelley received a hearing prior to the parole revocation.

The statute governing parole violation hearings, A.R.S. § 31–417, provides:

At the meeting held at the state prison of the board of pardons and paroles next following the retaking of a paroled prisoner, the board shall be notified that the prisoner has been retaken. If the paroled prisoner has been returned to the prison, he shall be given an opportunity to appear before the board, and the board may after opportunity has been given, or in case the prisoner has not yet been returned, declare the parolee delinquent. *He may be thereafter imprisoned in the prison for a period equal to his unexpired maximum term of sentence at the time the parole was granted, unless sooner released or discharged.* (Emphasis added.)

A.C.R.R. R5–4–503(G) provides:

Persons found in violation of their parole may be subject to forfeiture of street time and may be remanded to the custody of the Department of Corrections.

■ As the Arizona Supreme Court has stated, "the meaning [of the statutory language] is clear that the prisoner has no right to credit for the time he was on parole." *Baker v. Arizona Board of Pardons and Paroles, supra,* 150 Ariz. at 415, 724 P.2d at 34. Accordingly, under Arizona law, the granting of credit for street time is also a matter of grace, and the determination whether to grant credit is not made until parole is either successfully completed or revoked.

The statute and rule are not in conflict with the principles announced in *Morrissey.*

When no liberty interest exists, a corrections official may act "for whatever reason or no reason at all." *Berry v. State, Department of Corrections,* 145 Ariz. 12, 14, 699 P.2d 387, 399 (App.1985), citing *Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) and *Meachum, supra.* "[T]he Board is authorized to forfeit 'street time' when a prisoner's parole is revoked." *Baker, supra.* There is no state created-liberty interest in street time.

## CONSTITUTIONAL INTEREST

■ The trial court concluded that forfeiture of Kelley's street time resulted in a longer prison term and that the loss of street time credit was comparable to the loss of freedom upon the revocation of parole. The trial court specifically found that the Board did not provide sufficient procedural safeguards to ensure that Kelley's liberty interest was not arbitrarily deprived. The trial court based its ruling on *Morrissey.*

*Morrissey* did not involve credit for street time but rather a parolee's right to due process before having his parole revoked. Kelley was afforded a parole revocation hearing. The fact that Kelley was not given street time credit for the time he was on parole did not extend Kelley's original sentence. A.R.S. § 31–417 merely provides that if a convicted person violates parole, in this case by committing an additional sexual offense, the state may require that he serve the unexpired maximum term which had remained on his sentence at the time at which he initially accepted parole.

A prisoner who accepts parole is provided with an opportunity to function outside the institutional environment. If parolees are successful, they may complete their sentence without ever being incarcerated again. If they fail to comply with the conditions of parole, they face the possibility of reincarceration for the entire maximum sentence. Kelley may be required to be incarcerated for the time which he was originally sentenced to serve on the rape convictions. This result is in accord with substantial precedent upholding the forfei-

ture of street time upon parole violation under both state and federal law.[2]

The procedures followed by the Board in revoking Kelley's parole fully comported with the standards of due process. *Morrissey, supra; Large v. Superior Court in and for Maricopa County,* 148 Ariz. 229, 236–37, 714 P.2d 399, 406–07 (1986). The issues and defenses available to Kelley in seeking to avoid revocation of his parole were the same as those available to him regarding the retention of credit for street time. The decision was made by the same administrative body. *Cf. Gandy v. Keohane,* 617 F.Supp. 25 (D.C.Tenn.1985).

Accordingly, we reverse.

LIVERMORE, P.J., and FERNANDEZ, J., concur.

---

**2.** *See United States v. Newton,* 698 F.2d 770, 772 (5th Cir.1983); *Harris v. Day,* 649 F.2d 755, 760 (10th Cir.1981); *United States ex rel. Del Genio v. United States Bureau of Prisons,* 644 F.2d 585, 586–88 (7th Cir.1980), *cert. denied, sub nom, Del Genio v. United States Bureau of Prisons,* 449 U.S. 1084, 101 S.Ct. 870, 66 L.Ed.2d 808 (1981);

*McMillan v. Parker,* 378 F.2d 444 (3rd Cir.1967); *Lashley v. State of Florida,* 413 F.Supp. 850, 852 (M.D.Fla.1976) (interpreting Florida Law).