**Jerry Leroy HEFFERNAN,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. 91–125.**

Supreme Court of Wyoming.

Feb. 3, 1992.

Leonard D. Munker, State Public Defender, David Gosar, Appellate Counsel, and Erin A. McIntyre, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Barbara L. Boyer, Sr. Asst. Atty. Gen., and Paul S. Rehurek, Sr. Asst. Atty. Gen., for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

URBIGKIT, Chief Justice.

Following a 1984 conviction for burglary with a sentence of five-to-ten years confinement, Jerry L. Heffernan received parole in

1987. During that parole, he was convicted in Montana in 1988 for automobile theft. Upon release from the confinement sentence in Montana, he was subjected in Wyoming to a September 21, 1990 parole revocation. It is his present claim, first made before the parole board, then asserted in district court and now pursued on appeal, that he should be given credit for time after his release on Wyoming parole until the succeeding revocation occurred, totalling three years, one month and fourteen days. Consequently, we have a simple street time credit case with relief first rejected by the parole board by specific decision and then denied in district court appeal. We affirm.

Street time credit, the period between the date of release on parole and the date of apprehension for delinquency on parole, *Bonomo v. New Jersey State Parole Bd.,* 104 N.J.Super. 226, 249 A.2d 611 (1969), is not a novel issue for this court. We have observed this issue through consistent denial of variant motions that have been previously presented. The present appeal is the first time for this court to address the subject by written opinion.

 Street time credit is addressed by a dispositive Wyoming statute which then leaves attack on denied credit to be a constitutional issue directed to the validity of the statute.[1] W.S. 7–13–404 (1987) provides that "[i]n computing the remainder of the sentence to be served by a parole violator, no credit shall be given against his original sentence for any portion of the time between his release on parole and his return to the institution unless the board directs otherwise."

The Wyoming statute provides no reason for additional construction. *Allied–Signal, Inc. v. Wyoming State Bd. of Equalization,* 813 P.2d 214 (Wyo.1991). In the present case, with the denial by the parole board of credit for street time, which was statutorily justified as action specifically taken, the parole board order stated: "It is ordered that the parole granted to Jerry L. Heffernan on April 3, 1987, be and the same hereby is revoked and that he not be credited with the time during which he was released."

 Our further examination remains to consider questions of the constitutional validity of the statute. We acknowledge the general rights of individuals on parole or probation to due process. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). However, neither of those cases nor any examination by this court of the parole or probation status in prior cases provides authority to invalidate the state statute regarding street time credit while on parole. *Cf. Prejean v. State,* 794 P.2d 877 (Wyo.1990) and *Dorman v. State,* 665 P.2d 511 (Wyo.1983).

The State, in appellate brief, accurately assesses the status of the law:

The legality of both state and federal statutes denying credit for "street time" (i.e., the time between date of release on parole and the date of apprehension for parole violation—*see Bonomo v. New Jersey State Parole Bd.,* [104 N.J.Super. 226], 249 A.2d 611, 612 (N.J.Super.1969)) has been upheld almost without excep-

---

**1.** Although not repeated on appeal, a significant argument by Heffernan in district court was that he should have been given a revocation hearing much earlier when first arrested in Wyoming for the Montana automobile theft offense committed while he was on parole. We do not create a requirement that the Wyoming revocation proceeding was required before the validity of the Montana charges was determined following extradition to that state and his service of any new sentence was completed. The execution of a parole violation warrant may be deferred until "the alleged violator [has] served the custodial portion of an intervening sentence." N. Cohen and J. Gobert, The Law of

Probation and Parole, § 12.04, at 569 (1983). *See Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); Note, *Moody v. Daggett: Added Strength to Parole Violation Warrant,* IV Ohio N.U.L.Rev. 683 (1977); and Note, *Timely Parole Revocation Hearings—Warrants Issued But Not Executed: Moody v. Daggett,* 31 Sw.L.J. 953 (1977). The Interstate Agreement on Detainers involving "indictments, informations or complaints," W.S. 7–15–101, art. 1 (1987); *Jones v. State,* 813 P.2d 629 (Wyo.1991), does not apply to parole violation warrants. *Carchman v. Nash,* 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985); *Irby v. State of Mo.,* 427 So.2d 367 (Fla.App.1983).

tion by a great volume of cases. See generally, Annot., 63 A.L.R.Fed. 328, *Authority of United States Parole Commission to Credit Time Spent on Parole ("Street Time") Toward Sentence to be Served After Revocation of Parole* (1983); Annot., 68 L.Ed. 247, *Parole as Affecting Running of Sentence* (1923); 67A C.J.S. *Pardon & Parole* § 82, pp. 153–158 (1978); 59 Am.Jur.2d *Pardon [and] Parole*, §§ 75, 113, pp. 62–64, 126–128 (1987); Cohen and Gobert, *The Law of Probation and Parole* §§ 15.07–15.14, pp. 665–677 (1983).

We have not been provided with any case by Heffernan and have found none by independent research which would constitutionally require street time credit upon revocation in contravention of the controlling statute or provisions for discretion granted to the parole board.[2] *Cortinas v. United States Parole Com'n,* 938 F.2d 43 (5th Cir.1991); *Rizzo v. Armstrong,* 921 F.2d 855 (9th Cir.1990); *United States v. Newton,* 698 F.2d 770 (5th Cir.1983); *United States ex rel. Del Genio v. United States Bureau of Prisons,* 644 F.2d 585 (7th Cir. 1980), *cert. denied* 449 U.S. 1084, 101 S.Ct. 870, 66 L.Ed.2d 808 (1981); *Baker v. Arizona Bd. of Pardons and Paroles,* 150 Ariz. 414, 724 P.2d 33 (1986); *State v. Marti,* 372 N.W.2d 755 (Minn.App.1985); *Bonomo,* 249 A.2d 611; *State ex rel. Bieser v. Percy,* 97 Wis.2d 702, 295 N.W.2d 179 (1980).

Affirmed.

---

**2.** Street time is computed from the date of release on parole (or probation) to the date of reapprehension for commencement of revocation proceedings providing bond is not thereafter posted. *Prejean,* 794 P.2d 877. It is assumed, but not demonstrable in this record, that the three years, one month and fourteen days is the time from parole, June 26, 1987, until Heffernan was released and returned by the Montana authorities to Wyoming for the parole violation hearing (September 12, 1990). Clearly, the decision of the parole board regarding "time during which he was released" would confine the period from date of initial parole to the time of return to the custody of Wyoming authorities for further proceedings for parole revocation.