Joseph Lewis LANIER, Appellant (Defendant),

v.

STATE of Wyoming, Appellee (Plaintiff).

No. 94–218.

Supreme Court of Wyoming.

Aug. 14, 1995.

Joseph Lewis Lanier, pro se.

Joseph B. Meyer, Atty. Gen.; Sylvia Lee Hackl, Deputy Atty. Gen.; D. Michael Pauling, Sr. Asst. Atty. Gen.; Georgia L. Tibbetts, Asst. Atty. Gen., for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

THOMAS, Justice.

In this case, we refute and reject a claim by Joseph Lewis Lanier (Lanier) that the district court improperly denied his Motion to Correct Illegal Sentence and Request for Setting. Lanier's claim that his sentence is illegal rests upon an assertion that the district court in revoking his probation violated

---

the rule pronounced in *Wlodarczyk v. State*, 836 P.2d 279 (Wyo.1992), because the sentence he was required to serve extended beyond the initial three-year term of probation and, in fact, the sentence was commenced more than three years after it initially was imposed. We are satisfied *Wlodarczyk* is distinguishable, and the district court lawfully sentenced Lanier. The Order Denying Motion to Correct Illegal Sentence is affirmed.

In his Brief of Appellant, which he prepared personally, Lanier states the issue in this case to be:

> The Court below abused it's [sic] discretion by denying Mr. Lanier's Motion to Correct an Illegal Sentence.

In its Brief of Appellee, the State of Wyoming restates the issue in this way:

> Did the District Court properly deny Appellant's Motion to Correct Illegal Sentence?

Lanier entered a plea of guilty to felony delivery of a controlled substance, marijuana, on August 2, 1989. The maximum penalty provided in the statute, Wyo.Stat. § 35–7–1031(a)(ii) (1977), is ten years in prison and a fine of $10,000.00, or both. Lanier was sentenced to a term of not less than three years, nor more than five years, but execution of the sentence was suspended, and Lanier was placed on probation for a period of three years.

A series of revocation proceedings ensued. On October 3, 1990, Lanier's probation was revoked and the original sentence was reimposed with credit given for twenty-one days for presentence confinement. Lanier sought a reduction of his sentence, and on February 21, 1991, he was placed on probation for three years conditioned upon his successful completion of the Community Alternatives Program in Rock Springs. On January 27, 1993, another petition to revoke Lanier's probation was filed, and on March 17, 1993, after the admission of violations by Lanier, the court continued his probation. On November 23, 1993, the last petition to revoke Lanier's probation was filed, and the prison sentence was reimposed with credit of 436 days toward both his minimum and maximum sentences, which included the days spent in the Community Alternatives Program.

Lanier then began to address his sentence, without appealing from the Order Revoking Probation. On February 14, 1994, he filed an informal request for the credit of additional time on his sentence. On March 3, 1994, Lanier filed a Motion to Set Aside Judgment, in which he complained of "materially false assumptions" in the computations of his sentence and ineffective assistance of counsel. On the same day, he filed a Motion to Reduce or Correct Sentence Pursuant to Rule 35 of FED. [sic] R.Crim.P. These complaints were resolved by an Order Denying Motion to Reduce or Correct Sentence, to Set Aside Judgment and for Relief Based on Ineffective Assistance of Counsel.

On March 14, 1994, this time with the assistance of counsel, Lanier presented the Motion to Correct Illegal Sentence and Request for Setting that is the subject of this appeal. The thrust of Lanier's motion was that the district court committed an abuse of discretion by placing Lanier on a term of probation exceeding the probationary term originally imposed, and the court illegally imposed the subsequent probationary terms. The claim advanced by Lanier was that the reimposition of the prison sentence on January 7, 1994 was illegal and should be corrected. On August 17, 1994, the district court entered an Order Denying Motion to Correct Illegal Sentence, and Lanier appeals from that order.

Lanier's reliance on *Wlodarczyk* is not well founded. That case involved a split sentence imposed pursuant to Wyo.Stat. § 7–13–107 (1987). No split sentence was imposed in Lanier's case, and the propositions articulated in *Wlodarczyk*, being peculiar to that situation, have no application in this case.

Instead, we look to those cases addressing the situation in which a sentence is imposed, then suspended, followed by placing the defendant on probation. The state directs our attention to *Kahlsdorf v. State*, 823 P.2d 1184 (Wyo.1991), and *Hicklin v. State*, 535 P.2d 743 (Wyo.1975). In *Kahlsdorf*, 823 P.2d at 1191, we said:

> [I]t does not violate the probation statutes when a defendant, having served time on

probation, has her probation validly revoked and then receives the maximum sentence for her crime. We believe the same principle applies where probation is terminated and appellant receives a second sentence of probation which equals the maximum sentence for her crime.

The thrust of *Hicklin* is that, perceiving probation as constructive confinement, the term of probation cannot exceed the maximum term of imprisonment authorized for the crime.

Lanier was convicted of an offense which carried a maximum term of imprisonment of ten years. From the time of his sentence until the revocation resulting in incarceration, four years, three months and twenty-one days elapsed. *Kahlsdorf* would justify a term of probation for ten years when Lanier's probation originally was revoked only one year and two months after his conviction. While *Hicklin* could be perceived as limiting the total probationary term to ten years, *Kahlsdorf* permits tacking, at least once, a probationary term of the full ten years to the time originally served on probation. We need not address that circumstance in this case in which everything occurred within ten years of the conviction.

Lanier's effort to have the jurisdiction of the court limited by the term of the sentence originally imposed is nothing more than a creative effort to receive credit for street time on his sentence. In the informal pleading presented on February 14, 1994, Lanier stated, "I am entitled to part if not all of my street time on probation * * *." We have heretofore rejected street time as a credit against a sentence when parole was revoked. *Heffernan v. State*, 824 P.2d 1271 (Wyo. 1992). In *Reynoldson v. State*, 737 P.2d 1331 (Wyo.1987), we noted the trial court had not granted credit for street time to a probationer, although the issue was not raised in the appeal. We are satisfied the rule must be the same for probationers as it is for parolees. The effect of accepting Lanier's contention would afford credit for street time while the defendant was on probation. We do not choose to make that credit available.

The Order Denying Motion to Correct Illegal Sentence is affirmed in every respect.